John **MARINCLIN** and Goldie Marinclin, his wife, Plaintiffs,

v.

Mae G. **URLING**, Defendant.

Civ. A. No. 66–1318.

United States District Court
W. D. Pennsylvania.
Jan. 10, 1967.

---

Martin Lubow, Pittsburgh, Pa., for plaintiffs.

Ralph S. Sapp, Pittsburgh, Pa., for defendant.

## OPINION AND ORDER

MARSH, District Judge.

Plaintiffs in this action invoke the jurisdiction of this court under § 1331, Title 28 U.S.C.A., alleging that the matter in controversy exceeds the sum of $10,000, exclusive of interest and costs, and presents a federal question.

Plaintiffs contend that, as applied to them in the circumstances of this case, the Pennsylvania Act of June 13, 1836, P.L. 551, § 11, as amended by § 1 of the Act of April 28, 1927, P.L. 485, 36 Purdon's Pa.Stat.Ann. § 2731,[1] violates the Fourteenth Amendment of the United States Constitution prohibiting any State from depriving any person of property without due process of law.

The substance of the complaint is as follows. A lot of land owned by plaintiffs adjoins a lot owned by the defendant; each has a dwelling erected thereon. Prior to 1961, the Commonwealth of Pennsylvania condemned a part of the lot now owned by the defendant for construction of a highway, leaving the remainder, including the dwelling, landlocked.

The former owners (Grahams), in eminent domain proceedings, were awarded $30,200 from the Commonwealth as compensation for the portion taken and as consequential damages for the landlocked remainder. Subsequently, the defendant, being aware of the condemnation and that the Grahams had been paid the "total value of their property", purchased the landlocked lot from the Grahams "for a mere fraction of its precondemnation value".

As owner of the landlocked lot, defendant, pursuant to the Act quoted in footnote 1, supra, petitioned the Court of Quarter Sessions of Allegheny County for a way of necessity across plaintiffs' abutting property to a public road. The board of viewers found that defendant's property was landlocked, that a private road was necessary, recommended that a 14-foot wide private road be extended through plaintiffs' lot to adjacent Clover Drive, and awarded plaintiffs $5,500 damages.

---

1. "§ 2731. Proceedings to open private roads

"The several courts of quarter sessions shall, in open court as aforesaid, upon the petition of one or more persons, associations, partnerships, stock companies, or corporations, for a road from their respective lands or leaseholds to a highway or place of necessary public resort, or to any private way leading to a highway, * * * direct a view to be had of the place where such road is requested, and a report thereof to be made, in the same manner as is directed by the said act of thirteenth June, one thousand eight hundred and thirty-six."

Plaintiffs filed exceptions to the viewers' report and an appeal to the Court of Common Pleas. The Court of Quarter Sessions confirmed the viewers' report. Appeals by the plaintiffs to the Pennsylvania appellate courts were unsuccessful. In Re Private Road in Monroeville Borough, 204 Pa.Super. 552, 205 A.2d 885 (1964); Marinclin Appeal, 205 Pa. Super. xli. A jury trial in the Court of Common Pleas on the question of damages is pending.

Plaintiffs allege that the taking has left their property "in a highly disfigured condition and greatly reduced its value." They ask this federal court to declare the Act of 1836, as amended, unconstitutional in the circumstances, to order defendant to vacate the private road, and to compensate them for damages done to their land, together with costs.

The defendant filed a Motion to Dismiss on the grounds that (1) the court lacks jurisdiction in that the amount in controversy does not exceed $10,000; (2) the Complaint fails to state a claim upon which relief can be granted; and (3) the Pennsylvania statute involved is constitutional under Pennsylvania and Federal law.

█ In our opinion this court has jurisdiction. The Complaint raises a federal question under the Constitution of the United States,[2] and alleges damages in excess of $10,000. Nothing appears which would require this court to find that the Complaint was not filed in good faith. It is true that the viewers awarded to plaintiffs $5,500 damages, but the plaintiffs' appeal to the Court of Common Pleas on the question of damages is pending, and a real estate expert has sworn in his affidavit, attached to plaintiffs' brief, that in his opinion the taking of the private road in close proximity to plaintiffs' residence will depreciate the value of their property in excess of $10,-

000. Thus the amount of compensation to which the plaintiffs will ultimately be entitled remains to be established by a jury in the Court of Common Pleas. No one can say presently that the actual amount, as finally determined, will not be in excess of $10,000.

However, we think the Motion to Dismiss should be granted for the second and third reasons.

█ Unquestionably the Act of 1836 [3] has been held to be constitutional under Pennsylvania law.[4] Such construction must be accepted by this court in judging whether the Act conforms to the Constitution of the United States.

At the time that the Constitution of Pennsylvania was adopted, there was in force a statute which authorized the taking of land by eminent domain to establish a private road, leading from the land of an individual to the nearest highway, when he had no means of ingress and egress in any other manner. See: Act of 1735 cited in Palairet's Appeal, 67 Pa. 479 (1871). The Act of 1836 was a substantial reenactment of the pre-Constitution Act.

As appears in Judge Montgomery's opinion (204 Pa.Super. at p. 555, 205 A. 2d at p. 886):

"The rights of the individual involved in these proceedings are not the exclusive consideration. 'On the contrary, it is the connection of these private ways with public highways, or with places of necessary public resort, together with the implied right or license of the public to use them, at least in going to and from the premises of the person laying them out, quite as much, if not more, as the consideration of purely individual rights, that have won for these acts judicial recognition of constitutionality.' Waddell's Appeal, 84 Pa. 90, 93–94 (1877)."

---

2. It does not appear that the federal question was raised by the plaintiffs in the state tribunals.

3. Section 11 of the Act of 1836 was substantially reenacted by the amendatory Act of April 28, 1927, P.L. 485, § 1.

4. Waddell's Appeal, 84 Pa. 90, 93–94 (1877); In re Dickinson Township Road, 23 Pa.Super. 34, 37 (1903), citing In re Pocopson Road, 16 Pa. 15 (1851); Palairet's Appeal, 67 Pa. 479 (1871).

In addition, the use of a road laid out as a way of necessity could very well be deemed a public use since it is for the public benefit that every citizen should have the means of discharging his public duties, such as voting or attending court as a juror or witness, and because it affords higher assessments upon the landlocked property for municipal tax purposes. Also, it is in the public interest that police, firemen, and representatives of other public health, welfare and municipal agencies have access to the dwelling.

■ It is our opinion that the Act of 1836, as amended, does not violate the Fourteenth Amendment to the Federal Constitution prohibiting a State from depriving a person of property without due process of law. Cf. Ruddock v. Bloedel Donovan Lumber Mills, 28 F.2d 684 (9th Cir. 1928); Flora Logging Co. v. Boeing, 43 F.2d 145 (D.Or.1930). No case has been brought to our attention, nor have we found one, in which the United States Supreme Court has resolved the precise constitutional question raised here, but see Strickley v. Highland Boy Gold Mining Co., 200 U.S. 527, 26 S.Ct. 301, 50 L.Ed. 581 (1906); Clark v. Nash, 198 U.S. 361, 25 S.Ct. 676, 49 L.Ed. 1085 (1905); Fallbrook Irrigation District v. Bradley, 164 U.S. 112, 17 S.Ct. 56, 41 L. Ed. 369 (1896).

All other issues have been finally determined and adjudicated by the State Courts. The only issue pending between the parties is the question of just compensation to be paid by the defendant to plaintiffs, which issue will be ultimately settled by a jury in accordance with Pennsylvania law.

An appropriate order will be entered