WHITE PINE HUNTING CLUB v SCHALKOFSKI

OPINION OF THE COURT

1. EMINENT DOMAIN—STATES—TAKING OF PROPERTY—PRIVATE USE—
   CONSTITUTIONAL LAW.
   The state does not have power to authorize the taking of the
   property of an individual without his consent for the private
   use of another, even on the payment of full compensation.

DISSENT BY D. E. HOLBROOK, J.

2. EMINENT DOMAIN—STATUTES—PROPERTY—PRIVATE TAKING—APPLI-
   CABILITY OF DOCTRINE.
   *A statute which provides procedures whereby property of one
   individual may, without his actual consent, be taken for the
   private use of another individual, does not derive from the
   eminent domain power of the state; the doctrine of eminent
   domain applies where property is taken for public use (MCLA
   229.1).*

3. STATUTES—CONSTRUCTION—PROPERTY—ROADS—PRIVATE TAKING—
   NECESSITY—TOWNSHIP SUPERVISOR.
   *The right of an individual to have a township supervisor declare
   a private road is based upon the absolute necessity for such
   road by the applicant; the right to use the road ceases when the
   necessity ceases (MCLA 229.1 et seq.).*

4. CONSTITUTIONAL LAW—STATUTES—PROPERTY—ROADS—PRIVATE
   TAKING.
   *The statute which provides that a person seeking to establish a
   private road may make an application to the township supervi-
   sor who will then give notice to the owner of the land over
   which the road is proposed to be laid out, and that pursuant to
   such notice a meeting is held for the purpose of striking a jury
   which shall determine the necessity of the road, which statute
   was in force at the time of adoption of the constitution of 1963,*

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 26 Am Jur 2d, Eminent Domain § 1.
[3, 4] 26 Am Jur 2d, Eminent Domain § 209.

*is not repugnant to the constitution, and is therefore constitu-
tional (Const 1963, art 3, § 7; MCLA 229.1).*

Appeal from Alpena, Joseph P. Swallow, J. Sub-
mitted June 4, 1975, at Grand Rapids. (Docket No.
21624.) Decided October 14, 1975.

Complaint by White Pine Hunting Club against
Leonard Schalkofski, a supervisor of Ossinecke
Township, for a declaratory judgment that a stat-
ute providing a procedure for establishment of
private roads is unconstitutional. Cecil W. James,
Ruth James, Elaine Jacobs, Beulah Auker, Gran-
ville Auker, Harry and Helen Graves, and Marion
Greenfield intervened as parties defendant. Judg-
ment dismissing action. Plaintiff appeals. Re-
versed.

*Robert D. Mandenberg,* for plaintiff.

*Gillard, Bauer & Mazrum,* for defendants Cecil
W. James, Ruth James, Elaine Jacobs, Beulah
Auker and Granville Auker.

*Charles L. McCarter,* for defendants Harry and
Helen Graves and Marion Greenfield.

Before: McGREGOR, P. J., and D. E. HOLBROOK
and N. J. KAUFMAN, JJ.

McGREGOR, P. J. Plaintiff appeals as of right
from an August 30, 1974, judgment dismissing its
declaratory judgment action which had alleged
that MCLA 229.1; MSA 9.281 was unconstitu-
tional.

The statute in question basically provides that
the person seeking to establish a private road may
make an application to the township supervisor
who will then give notice to the owner of the land

over which the road is proposed to be constructed. Pursuant to such notice, a meeting is held for the purpose of striking a jury which shall determine the necessity for the road. The following sections of the statute deal with formation of the jury, assessment of damages, payment thereof, and the actual construction of the road. The statute has been virtually unchanged since its enactment nearly a hundred years ago.

The sole issue in this case is whether or not the statute in question is constitutional. The trial court held that it was. We disagree.

We find MCLA 229.1 *et seq.;* MSA 9.281 *et seq.* to be repugnant to Const 1963, art 10, § 2.

In *Shizas v Detroit,* 333 Mich 44, 50; 52 NW2d 589 (1952), our Supreme Court expressed its approval of the following quotation from 18 Am Jur, Eminent Domain, § 34, pp 657, 658:

"It is to be noted that few, if any, of the state Constitutions in terms prohibit the taking of property by authority of the state for uses that are not public. The characteristic provision found in the Constitutions of the several states, and in that of the United States as well, is to the effect that property shall not be taken for the public use without just compensation. Nevertheless, *while the courts have not been in agreement on the precise meaning of the term 'public use,' it has been held, without a single dissenting voice, that the state does not have power to authorize the taking of the property of an individual without his consent for the private use of another, even on the payment of full compensation."* (Emphasis added.)

Finding no "public use" to support the statute before us, we therefore must conclude that the deletion of the constitutional sanction was fatal to its continued validity.

Reversed.

N. J. KAUFMAN, J., concurred.

D. E. HOLBROOK, J. *(dissenting)*. This writer finds himself unable to agree with the majority in this case.

Plaintiff appeals as of right from an August 30, 1974 judgment dismissing its declaratory judgment action which had alleged that MCLA 229.1; MSA 9.281 was unconstitutional.

The statute in question basically provides that the person seeking to establish a private road may make an application to the township supervisor who will then give notice to the owner of the land over which the road is proposed to be laid out. Pursuant to such notice, a meeting is held for the purpose of striking a jury which shall determine the necessity of the road. The following sections of the statute deal with formation of the jury, assessment of damages, payment thereof, and the actual laying-out of the road. The statute has been virtually unchanged since its enactment nearly a hundred years ago.

The sole issue in this case is whether or not the statute in question is constitutional. The trial court held that it was, and this writer agrees.

Plaintiff first argues that the statute provides for an unauthorized use of the power of eminent domain under Const 1963, art 10, § 2. Plaintiff bases this argument on the fact that the property which is taken is not put to a public use. The intervening defendants use this same argument in asserting that the statute does not derive from the eminent domain power of the state at all; eminent domain only applies if the property in question is taken for a public use. This writer agrees with the intervening defendants. If property is taken for a private use, then it can only be done under some

power other than that of eminent domain. This makes such cases as *Shizas v Detroit,* 333 Mich 44; 52 NW2d 589 (1952), largely inapplicable as they deal with eminent domain.

In many states the actual organic law provides for certain instances where the private property of one person may be taken and put to the private use of another. In these instances, there is not so much a current "taking" as there is an inherent limitation on the extent of ownership of private property. This was the situation that existed in Michigan prior to the 1963 Constitution. In Michigan, Const 1850, art 18, § 14 and Const 1908, art 13, § 3, both provided for the taking ·of private property to establish private roads as is contemplated in MCLA 229.1; MSA 9.281. However, all language dealing with the taking of private property to establish private roads was deleted from Constitution 1963, which contains no provision whatever comparable to the language which had appeared in Constitution 1850 and Constitution 1908. It appears that this deletion may have been made under the mistaken belief that the common law "easement by necessity" was sufficient to fill the need which had previously been filled by the constitutional provision coupled with the statute. See 2 Official Record, Constitutional Convention 1961, pp 2602, 2846. The common law easement by necessity, however, cannot fill that gap because it requires privity of estate between the property holders in question. It is actually an easement which arises by implication where a grantor conveys land to a grantee, and where there is no access to the grantee's land except across the land of the grantor. In such a case, the law would imply that it had been the intent of the parties to convey an easement over the grantor's land on behalf of

the grantee. In saying that the easement in such a case was actually the implied intent of the parties, the issue of whether or not there is actually a "taking" by the grantee of an easement over the grantor's property is avoided. If an easement is what the parties originally intended, then all the court is really doing is enforcing the original intent of the parties. While it is sometimes said that the rule would not apply if a contrary intent can be shown, it is probably closer to the truth to say that such intent is actually irrebuttably presumed. *Douglas v Jordan,* 232 Mich 283; 205 NW 52 (1925). And, of course, if such intent is irrebuttably presumed, then the enforcement of an easement in favor of a grantee in such a case would be no different from the actual granting of a private road under the statute in question insofar as the owner of the subservient estate is concerned. In either case, his property has been taken for the use of another private person without the necessity of proving his own consent to the taking. The only practical difference then between the common law easement by necessity and the private road contemplated by the statute in question is that the common law would require privity of estate. Under either theory, the property of one individual may, without his actual consent, be taken for the use of another private individual.

Under the common law, an easement by necessity ended when the necessity ended. The prime example of this was when the holder of the easement acquired the subservient estate. The statute in question requires a finding of necessity before a private road will be granted. The right of an individual to have a private road declared is based upon absolute necessity, and upon the necessity ceasing the right to use the road would end.

The authority of the Legislature in passing such a statute does not derive from the eminent domain power of the state, nor is it provided for specifically in the Constitution of 1963. Finally, the statute does not accurately restate the common law "easement by necessity" as the statute has no requirement of privity between the estates in question.

Of course, an owner's right to use his property is subject to reasonable regulation, restriction and control by the state in a legitimate exercise of its police powers. The state has a legitimate interest in protecting the property rights of its citizens. In protecting these rights, it sometimes becomes necessary to weigh and balance competing interests. As a starting point, the state seeks to insure to every property owner the fullest and most complete use and enjoyment of his property as is possible. In order to prevent one party from being totally deprived of the use and enjoyment of his property, it is not unreasonable to require another party to suffer a private road to pass over his property.

This writer concludes that the provision of Const 1963, art 3, § 7 is controlling: "The common law and the statute laws now in force, not repugnant to this constitution, shall remain in force until they expire by their own limitations, or are changed, amended or repealed". It can be seen from the above-quoted article of the Constitution of 1963, that the aforementioned deletion from the Constitution of 1963 of the section which dealt with the power of the Legislature to create laws such as the statute in question has no necessary effect upon that statute. In other words, if the statute is not found to be repugnant to the Constitution of 1963, it is valid. This writer would hold

that it is not repugnant to the Constitution of 1963.

The decision of the trial court should be affirmed, and this writer so votes.