OPINION OF THE COURT
Charles B. Swartwood, J.
Donald G. Campbell and Diane M. Campbell, pursuant to section 300 et seq. of the New York State Highway Law, have applied for a private road to link property they own to a public highway. The Campbells’ proposed private road would pass across property of Merrill G. Pratt and Clara Pratt, which property contains no right of way or easement for the benefit of the Campbell property. The Pratts were notified of this application by Donald Allen, Superintendent of Highways for the Town of Tyrone, pursuant to *245 section 303 of the New York State Highway Law. The Pratts have brought this article 78 action against Mr. Allen for a judgment prohibiting the creation of the private road based on the alleged unconstitutionality of section 300 et seq. of the New York Highway Law, procedural errors, and the inapplicability of the statute to persons in their position.
We note that by order dated November 24, 1981 we permitted the Campbells to intervene in this article 78 proceeding. The Attorney-General of the State of New York being put on notice intervened pursuant to CPLR 1012 (subd [b]) on the issue of constitutionality.
The primary constitutional argument posed by the Pratts is that the State and Federal Constitutions prohibit the taking of private property for the gain of private interests, and that section 300 et seq. of the New York State Highway Law authorizes private individuals to use the public power of eminent domain to take private property for exclusively private use. While it is true that the power of eminent domain is constitutionally limited to taking property for public benefit, it is now well established that “public benefit” is not restricted to sole occupancy and use by the public. This is reflected in cases which have upheld the condemnation of property so that it can be developed for occupancy by private individuals or corporations (Yonkers Community Dev. Agency v Morris, 37 NY2d 478; Berman v Parker, 348 US 26; New York City Housing Auth. v Muller, 270 NY 333). The Yonkers Community case (supra, p 482) also reveals that it is not unconstitutional per se for the private interest which will be benefited to instigate the taking.
Having set forth the present state of the law, it is instructive to consider the heritage of section 300 et seq. of the New York State Highway Law. The taking of private property for the construction of private roads was permitted under the Colony of New York’s statutes, and this provision was retained by the State of New York until 1843. In 1843 the New York Supreme Court was presented with a constitutional challenge similar to the Pratts in this case, and held that the statute was unconstitutional. (Taylor v Porter, 4 Hill 140.) In fact the courts of several *246 jurisdictions came to the same conclusion. (Logan v Stogsdale, 123 Ind 372; Clark v Board of County Comrs. of County of Mitchell, 69 Kan 542; Arnsperger v Crawford, 101 Md 247; Welton v Dickson, 38 Neb 767.) These decisions reflect the restrictive interpretation of “public use” used by the court of that period.
Although the court found the private road statute unconstitutional, New York considered the creation of necessary private roads important enough to amend its Constitution to specifically authorize the taking of land for private roads. “Private roads may be opened in the manner to be prescribed by law; but in every case the necessity of the road and the amount of all damage to be sustained by the opening thereof shall be first determined by a jury of freeholders, and such amount, together with the expenses of the proceedings, shall be paid by the person to be benefited.” (NY Const, art I, § 7, subd [c].)
Having resolved the constitutionality of the private road statute by grafting it onto the Constitution the constitutional revisors may have considered it frivolous to declare that the statute promotes the public welfare, or to explain its benefits. The courts which have subsequently reviewed the statute and constitutional provision have filled that gap by inquiring into these areas. In Satterly v Winne (101 NY 218, 225) the court declared that it could not fail “to recognize the importance of the public policy, sanctioned by constitutional provision, which requires that facilities be furnished for private ways, so that the property of citizens may be made accessible.”
Another court expanded on this when it concluded that the public good is served by the creation of private roads because it is in the public interest that its citizens be capable of meeting their civic responsibilities, engage in commercial activity in the market and communicate with their citizens. (Matter of Town of Whitestown, 24 Misc 150, 152.) It has also been noted that the taking of property so as to make land accessible promotes the public good by allowing the development of property which then generates increased tax income and alleviates the over-all tax burden (City of Utica v Damiano, 22 Misc 2d 804, 808; see, also, Matter of Tuthill, 163 NY 133, 140).
*247 We conclude that the connecting of private property with the public highways is in the public interest and that the taking of private property for this purpose is a public use sufficient to sustain the statute under the New York Constitution even in the absence of article I (§ 7, subd [c]).
The question that remains is whether section 300 et seq. of the New York State Highway Law violates the Fifth and Fourteenth Amendments of the Constitution of the United States. We conclude that the public benefit engendered by the New York statute meets the Federal constitutional standard. We are aware of only one case in which a private road statute was challenged under the Federal Constitution. (Marinclin v Urling, 262 F Supp 733, affd 384 F2d 872.) In Marinclin (supra), the court was confronted with the constitutional challenge to a similar statute and concluded that it was constitutional because the taking constituted a public use. Our conclusion regarding the Federal constitutional standard is also supported by the Supreme Court’s decisions in Clark v Nash (198 US 361) and Strickley v Highland Boy Gold Min. Co. (200 US 527) which uphold statutes authorizing private interests to condemn rights of way across private property.
The Pratts have also questioned the legal sufficiency of the petition brought by Donald Allen. The first issue that they raise is that “the petition contains no allegation showing the necessity of such roadway”. Section 300 of the New York State Highway Law contains no requirement that the petitioner demonstrate the necessity of a private road in the petition, nor do we find any cases supporting such a requirement. Necessity of the road is a matter which must be decided by the jury after they “view the premises, hear the allegations of the parties, and such witnesses as they may produce” under the statutory scheme (Highway Law, §§ 306, 307).
The Pratts also argue that the petition is defective for not providing a survey of the proposed roadway showing the courses and distances. Here too, section 300 of the New York State Highway Law contains no requirement of a survey, and we find no case law that supports petitioners. We note that the petition includes a copy of the tax map marked to show where the Campbells desire to place the *248 private road. Both the application to Donald Allen as well as the appraisal of Bonnie L. Morris describe the courses of the lands to be taken with reference to the existing boundaries. While the description does not specify courses in degrees and minutes, and distances are not always provided, the petitioners have substantially complied with the statutory requirement. The purpose of the description requirement is to enable the owner to know what portion of his lands it is the petitioners’ intention to acquire, and the jury to determine whether the road is necessary and if so what damages to assess. (People ex rel. Smith v Taylor, 34 Barb 481, 483.) The description provided in the petition clearly sets forth which land is to be taken.
The Pratts raise issue with the petition’s not setting forth consequential damages or the correct measure of damages. These are matters which are not required in the petition. Of course the Pratts are entitled to present testimony to the jury regarding the damages which they feel they are entitled to.
The question of whether the applicants have other rights of way or easements which provide access to their property is also a matter which petitioners herein must bring to the jury’s attention. Such evidence would have an important bearing on the factual question of the road’s necessity, but it is not relevant to this article 78 petition.
In their memorandum of law, the Pratts have argued that section 300 of the New York State Highway Law cannot be used in this case because it only applies where there is an existing right of way over the servient estate. Although section 300 has been used to create private roads where there were rights of way, the petitioners are incorrect when they argue that the law only applies to those situations. (See Matter of Town of Whitestown, supra; City of Utica v Damiano, supra.) Review of the statute itself uncovers no support for the petitioners’ claim.
For these reasons the Pratts’ prayer for relief must be denied. Donald Allen, Town Superintendent of Highways, for the Town of Tyrone, County of Schuyler, New York, may proceed with the action pursuant to section 300 et seq. *249 of the New York State Highway Law as applied for by Donald G. Campbell and Diane M. Campbell.