BIEKER v SUTTONS BAY TOWNSHIP SUPERVISOR

Docket No. 139955. Submitted June 9, 1992, at Grand Rapids. Decided December 29, 1992, at 9:05 A.M..

Ruth A. Bieker brought an action for mandamus in the Leelanau Circuit Court, against the supervisor of Suttons Bay Township, seeking to compel the defendant to comply with the statute governing the opening of private roads and temporary highways, MCL 229.1 *et seq.*; MSA 9.281 *et seq.*, with regard to her application for a private road to be constructed on her property and the private property of others. The court, Charles M. Foster, J., granted summary disposition for the defendant, relying on *White Pine Hunting Club v Schalkofski*, 65 Mich App 147 (1975), in which it was determined that the act violated Const 1963, art 10, § 2. The plaintiff appealed.

The Court of Appeals *held:*

MCL 229.1 *et seq.*; MSA 9.281 *et seq.* does not violate the constitutional prohibition against condemnation for private use. The statute authorizes private roads only where necessary to provide access to property that otherwise would be inaccessible. A benefit accrues to the public when such property is made accessible, and the increase in its value broadens the community's tax base.

Reversed and remanded for issuance of a writ of mandamus.

SHEPHERD, P.J., concurring in the result, stated that the process provided under MCL 229.1 *et seq.*; MSA 9.281 *et seq.* for a private landowner's acquisition of other privately owned property for the construction of a private road does not involve the state's power of eminent domain and is not subject to the public-use requirement of Const 1963, art 10, § 2.

REFERENCES

Am Jur 2d, Eminent Domain § 47; Highways, Streets, and Bridges §§ 1-3, 48.

Way of necessity where only part of land is inaccessible. 10 ALR4th 500.

Accessibility, way of necessity over another's land, where a means of access does exist, but is claimed to be inadequate, inconvenient, difficult or costly. 10 ALR4th 447.

HIGHWAYS — PRIVATE ROADS AND TEMPORARY HIGHWAYS ACT —
    CONSTITUTIONAL LAW.
  The private roads and temporary highways act, which allows the
    construction of a private road through private property owned
    by others upon an application by a private landowner to a
    township supervisor and a jury's finding of necessity and ap-
    praisal of damages for affected landowners, does not violate
    Const 1963, art 10, § 2, which prohibits condemnation for
    private use (MCL 229.1 et seq.; MSA 9.281 et seq.).

*Flickinger & Associates, P.C.* (by *Mary A. Ow-ens*), for the plaintiff.

*James R. Williams,* for the defendant.

Before: SHEPHERD, P.J., and CONNOR and M. F. SAPALA,* JJ.

CONNOR, J. Plaintiff, Ruth A. Bieker, brought this action for a writ of mandamus to compel defendant, the supervisor of Suttons Bay Township in Leelanau County, to comply with the provisions of the opening of private roads and temporary highways act, MCL 229.1 et seq.; MSA 9.281 et seq. The trial court dismissed plaintiff's complaint under MCR 2.116(C)(8) because this Court had declared the act unconstitutional in *White Pine Hunting Club v Schalkofski,* 65 Mich App 147; 237 NW2d 223 (1975). Plaintiff appeals as of right. We reverse.

Plaintiff's land is surrounded by private property owned by others. On August 30, 1989, she applied to defendant for a private road to connect her property to a nearby public road. The act purports to give people the right to apply to township supervisors for private roads to be laid out across another's land. MCL 229.1; MSA 9.281. The township supervisor is to convene a jury to deter-

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

mine whether the road is necessary. MCL 229.2; MSA 9.282. If the jury determines the road is necessary, it is to appraise the damages of the landowner. MCL 229.4; MSA 9.284. The applicant is then to pay the damages to the supervisor, along with the expenses of the proceedings. The supervisor in turn is to pay the damages to the landowner. MCL 229.5; MSA 9.285. The supervisor is then authorized to open the private road for the applicant's use. MCL 229.5 and 229.6; MSA 9.285 and 9.286.

A panel of this Court found the private roads act to violate Const 1963, art 10, § 2. *White Pine, supra,* p 149. It said that lack of specific authorizing language in our constitution was fatal to the ongoing validity of the statute, because there was no discernible "public use" in taking private property from one landowner solely for the benefit of another landowner. *Id.*

Since this Court's decision in *White Pine,* other jurisdictions have found similar statutes to be constitutional. See *Dowling v Erickson,* 278 Ark 142; 644 SW2d 264 (1983); *Deseret Ranches of Florida, Inc v Bowman,* 349 So 2d 155 (Fla, 1977); *Pratt v Allen,* 116 Misc 2d 244; 455 NYS2d 904 (1982). In *Marinclin v Urling,* 262 F Supp 733 (WD PA, 1967), aff'd 384 F2d 872 (CA 3, 1967), a federal court decided that such a statute does not violate the Fourth and Fourteenth Amendments of the United States Constitution.

Upon reflection, we find the analysis in *White Pine* flawed, and decline to follow it.

The statute was enacted over one hundred years ago. 1881 PA 243, ch VIII, § 1 *et seq.* There is no question that when enacted it was valid, because at the time our constitution provided:

Private roads may be opened in the manner to

be prescribed by law; but in every case the necessity for the road and the amount of all damages to be sustained by the opening thereof, shall be first determined by a jury of free holders; and such amount, together with the expenses of proceedings, shall be paid by the person or persons to be benefited. [Const 1850, art 18, § 14. See also Const 1908, art 13, § 3.]

Our current constitution contains no such provision. However, the history of the constitutional change does not show any intent to remove from the Legislature the power to provide for private roads in cases of necessity. Indeed, the legislative history suggests the opposite.[1]

Unlike common-law easements of necessity, the statute does not purport to protect a preexisting right of access, but sets forth a procedure for "the

[1] When the amendment removing the authorizing language was offered at the constitutional convention, the following colloquy occurred:

*Mr. Hatch:* I notice that this amendment strikes out not only the Stafseth amendment, but also sections c, d and e. My question concerns section c which deals, not with public roads or public property but private roads which may be open and I wonder, if this section is stricken from the constitution if the legislature would have the power to provide for the establishment of private roads.

*Mr. Danhof:* Mr. Hatch, I point out to you that it states that private roads may be open in a manner prescribed by law. It was left to the legislature. You have a common law right of necessity, as Mr. Hutchinson pointed out to me today before he left. Other states have taken care of this particular problem without having constitutional language thereon. I see no reason why Michigan should have it.

*Mr. Hatch:* It would be your understanding that by striking out this provision the legislature would still have the authority to provide that a private individual may establish a private road by taking land from another private individual?

*Mr. Danhof:* Assuming necessity and that damages are paid; and as to necessity, of course, there would be a big problem to show that he actually needed the way out. I would see nothing that would prohibit that to be done in the exercise of sovereign authority. [2 Official Record, Constitutional Convention 1961, p 2846.]

taking of private property of one person to be used as a private road by another." *Ayres v Richards,* 38 Mich 214, 216 (1878). We must disagree with the dissenter in *White Pine,* and conclude that the statute is subject to the requirement found in Const 1963, art 10, § 2 that the taking of private property be for a public purpose. As our Supreme Court has said, "condemnation for a private use or purpose is forbidden." *Poletown Neighborhood Council v Detroit,* 410 Mich 616, 632; 304 NW2d 455 (1981); see also *Shizas v Detroit,* 333 Mich 44, 50; 52 NW2d 589 (1952).

Nevertheless, we do not believe that the statute violates the constitutional prohibition against condemnation for a private use. We find a public use is embodied in the statute itself, and by its terms the statute will only provide relief when circumstances comprising the prerequisite public use are found to exist.

The statute provides for the laying out of private roads only where necessary. MCL 229.4; MSA 9.284. "The taking is only justifiable where no other way of access to the lands of the applicant can be found." *Ayres, supra.* In such a situation, providing access to land is beneficial to the community as a whole. Without such access, the land has no value either to its owner or to the community. When the landlocked property is made accessible, its value can be fully realized. The economic activity resulting from the land's use benefits the community as a whole and the increase in the land's value broadens the community's tax base. In *Poletown, supra,* pp 632-635, our Supreme Court approved the condemnation of private property to be conveyed to a private manufacturer because the Court found a public use in advancing the public's interest in alleviating unemployment and revitalizing the economic base of the commu-

nity. We, therefore, find the statute constitutional in so far as it authorizes the laying out of private roads only where necessary to provide access to property that otherwise would be inaccessible. We reverse the judgment of the trial court.

The statute does not require a claim of necessity to be included in an application for a private road, and states that a supervisor "shall" convene a jury upon receiving an application. MCL 229.1; MSA 9.281. We therefore find that plaintiff's motion for summary disposition should have been granted. We remand this case to the trial court for issuance of a writ of mandamus ordering defendant to convene a jury under the statute.

Reversed and remanded. We do not retain jurisdiction.

M. F. SAPALA, J., concurred.

SHEPHERD, P.J., *(concurring)*. I concur in the result, but write separately because I accept the analysis of the dissenting opinion in *White Pine Hunting Club v Schalkofski,* 65 Mich App 147; 237 NW2d 223 (1975).

The private road act has nothing to do with the taking by a public authority of property for a ` public purpose. I agree with the *White Pine* dissent that the act is a limitation upon the use of private land similar to an easement by necessity— the difference being that in the case of the easement there must be privity of contract and the courts have implied an intention to create an easement.

In cases where there is no privity of contract (and therefore no intention to create an easement) the statute allows the same result. The only question then would be whether the statute is repugnant to the 1963 Constitution. In the *White Pine*

dissent, Judge HOLBROOK wrote, "the aforementioned deletion from the Constitution of 1963 of the section which dealt with the power of the Legislature to create laws such as the statute in question has no necessary effect upon that statute." 65 Mich App 153. It was his view that the only reason the language was left out was because of the mistaken belief that easement by necessity would solve the problem. I am satisfied that the private road act is not repugnant to the 1963 Constitution and was therefore preserved when the constitution was adopted.

Because I believe that the statute provides a substitute method of acquiring the same access achieved by an easement of necessity, I do not believe it is either appropriate or necessary for this Court to find a public purpose in the statute. Article 10, § 2 of the Michigan Constitution relates to the power of eminent domain. That concept relates to the power of the state to take private property. The constitutional provision says, in effect, that the state shall not take private property except for a public purpose. This case does not involve the power of eminent domain, and it is not necessary for us to look for or find a public purpose in the private road act. As indicated, that act provides a mechanism for a private landowner who is landlocked to obtain an easement across the land of another for the private purposes of the landlocked owner. Such a procedure has been with us for well over one hundred years, and I am satisfied that it does not violate the Michigan Constitution.

I also do not believe that *Poletown Neighborhood Council v Detroit,* 410 Mich 616; 304 NW2d 455 (1981), can be appropriately cited in this case. In *Poletown,* the public authorities were contemplating an official condemnation. Private individu-

als filed suit to prevent the condemnation on the basis that the proposed action did not involve a public purpose. The Supreme Court held that there was a public purpose and that the public authorities could therefore initiate condemnation. That concept has nothing to do with the present situation.