Kelly, J.
This case involves the constitutionality of the Opening of Private Roads and Temporary Highways Act (the private roads act), MCL 229.1 et seq. The key issue is whether the act provides for an unconstitutional taking under art 10, § 2 of the Michigan Constitution of 1963. We hold that it does because the act authorizes a taking and the taking primarily benefits a private rather than a public purpose. For that reason, we strike down the act as unconstitutional.
I. THE HISTORY OF THE PRIVATE ROADS ACT
Both the Michigan and federal constitutions prohibit the taking of private property for public use without just compensation.[1] US Const, Am V; Const 1963, art 10, § 2. The Taking Clause of the state constitution is substantially similar to that of the federal constitution. City of Kentwood v Sommerdyke Estate, 458 Mich 642, 656; 581 NW2d 670 (1998). Const 1963, art 10, § 2 provides:
[P]rivate property shall not be taken for public use without just compensation therefor being first made or secured in a manner prescribed by law. Compensation shall be determined in proceedings in a court of record.
*3 The private roads act arose from language at art 18, § 14 of the Michigan Constitution of 1850. This predecessor of art 10, § 2 of the 1963 Constitution provided:
The property of no person shall be taken for public use without just compensation therefor. Private roads may be opened in the manner to be prescribed by law; but in every case the necessity of the road and the amount of all damages to be sustained by the opening thereof, shall be first determined by a jury of freeholders; and such amount, together with the expenses of the proceedings, shall be paid by the person or persons to be benefitted.
A similar provision is found in the Michigan Constitution of 1908, art 13, §§ 1 and 3. However, the current Michigan constitution eliminated the express reference to private roads.
More than eighty years before that change, the Michigan Legislature enacted the private roads act. It allows a private landowner to petition the township supervisor to open a private road across another landowner’s property. MCL 229.1. A jury consisting of property owners determines whether the road is necessary. MCL 229.2. If a private road is authorized, the jury then sets a dollar amount that the petitioner must pay to compensate the owner of the land where the road is built. MCL 229.3, 229.5.
n. THE FACTS AND PROCEDURAL HISTORY OF THE PRESENT CASE
Plaintiffs own section 12, township 57 north, range 33 west, in Allouez Township, Keweenaw County, Michigan. Defendants own a neighboring parcel, section 13.
*4 Section 12 is landlocked, although it can be accessed by foot trails. Plaintiff Glen Tolksdorf acquired section 12 in March of 1992, intending to develop the property and sell it as lots. He attempted without success to acquire an easement from surrounding property owners in order to achieve a paved vehicular connection from his property to a roadway. Those who purchased lots from Tolksdorf are also plaintiffs in this case. In addition to seeking a road across section 13, they seek an easement for utility lines.
In the past, defendants have allowed members of the general public to use the trails on section 13 to access section 12 for recreational purposes. They have also permitted loggers to cross their property. However, they object to the installation of a paved road and utility lines.
Plaintiffs sued, naming as defendants the section 13 property owners as well as Gerald Dahlgren, Allouez Township supervisor, who had refused to commence proceedings to open a private road. In their complaint, plaintiffs sought a determination that they had acquired an easement by prescription.[2] The trial court ruled against them. It also denied their request for a writ of mandamus that would compel Dahlgren to proceed under the private roads act.
The Court of Appeals affirmed the trial court’s decision concerning the easement issue. However, it found error in the refusal to issue a writ. It remanded *5 the case, with instructions to direct Dahlgren to commence proceedings to open a private road pursuant to the act.
We granted leave limited to the question whether the private roads act is constitutional. 461 Mich 1014 (2000). The issue whether plaintiffs acquired an easement in section 13 is not before us.
m. THE CONSTITUTIONALITY OF THE PRIVATE ROADS ACT
Review of the constitutionality of a statute presents a question of law that is reviewed de novo. Blank v Dep’t of Corrections, 462 Mich 103, 112; 611 NW2d 530 (2000). A statute is presumed constitutional, unless its unconstitutionality is readily apparent. Id.
Over the years, the Court of Appeals has struggled with whether the private roads act is constitutional. In 1975, the first panel to consider the question found the act “repugnant to Const 1963, art 10, § 2.” White Pine Hunting Club v Schalfoski, 65 Mich App 147, 149; 237 NW2d 223 (1975). Specifically, White Pine Hunting Club found no public purpose justifying the taking authorized by the act.
Seventeen years later, another panel declined to follow White Pine Hunting Club, and found the act constitutional. Bieker v Suttons Bay Twp Supervisor, 197 Mich App 628, 630; 496 NW2d 398 (1992). Bieker said that a public use was embodied in the statute. Id. at 632. Specifically, the Court expressed concern about the depressed value of landlocked property and concluded that “providing access to land is beneficial to the community as a whole.” Id.

 The Fifth Amendment’s Taking Clause is applied to the states through the Fourteenth Amendment. Penn Central Transportation Co v New York City, 438 US 104, 122; 98 S Ct 2646; 57 L Ed 2d 631 (1978).

 “Prescriptive easements arise where a person uses, but does not possess, the land of another for a particular purpose without permission for 15 years.” 1 Cameron, Michigan Real Property Law (2d ed), § 6.11, p 204. They are “based upon the legal fiction of a lost grant.” Id., citing Dyer v Thurston, 32 Mich App 341, 343; 188 NW2d 633 (1971).