. LEARY v. FISHER.

1. Motor Vehicles—Negligence—Contributory Negligence—Burden of Proof.

In action for personal injuries caused when plaintiff was struck by automobile, plaintiff has burden of proof to show, not only defendant's negligence, but his own freedom from contributory negligence; or that he was exercising due care.

2. Same—Want of Care Bars Recovery.

Want of care on part of plaintiff, if it contributed to his injury, bars recovery.

3. Same—Duty of Plaintiff.

Plaintiff, working on highway, who was struck and injured by automobile when he attempted to cross, was bound to know it was more or less dangerous by reason of its use for automobile traffic, but he was not bound to anticipate that defendant would drive at excessive speed or on wrong side of highway.

As to duty of pedestrian to look out for automobile, see annotation in 3 L. R. A. (N. S.) 345; 20 L. R. A. (N. S.) 232; 28 L. R. A. (N. S.) 488; 42 L. R. A. (N. S.) 1179; 14 A. L. R. 1183.

4. SAME—QUESTION FOR JURY.

Testimony that plaintiff saw defendant's car when it was 150 feet away, that plaintiff crossed highway diagonally, that he had passed center when struck, and that if defendant had stayed on his own side of highway plaintiff would not have been struck, *held,* sufficient to take to jury question of plaintiff's contributory negligence.

5. JURY—RIGHT TO HAVE JURY FIX DAMAGES.

Plaintiff, in action for personal injuries, is entitled to right of trial by jury, one of necessary incidents of which is that jury shall fix amount of damages.

6. NEW TRIAL—EXCESSIVE VERDICT—DISCRETION OF COURT.

In action for personal injuries, verdict of jury should not be interfered with unless plainly excessive; but if excessive, trial court, in exercise of wide discretion, has right to grant new trial.

7. SAME—GRANTING NEW TRIAL UNLESS EXCESSIVE VERDICT REDUCED NOT ABUSE OF DISCRETION.

Order of trial court granting new trial unless plaintiff remit all in excess of $5,000 of $15,000 verdict for injuries to legs, resulting in permanent partial disability due to injury to right leg, *held,* not abuse of discretion.

Error to Oakland; Covert (Frank L.), J. Submitted October 15, 1929. (Docket No. 100, Calendar No. 34,467.) Decided December 3, 1929.

Case by Joseph Leary against Russell H. Fisher and another for personal injuries. There was verdict for plaintiff for $15,000. From an order granting a new trial unless plaintiff remit all of the verdict in excess of $5,000, plaintiff and defendant Fisher bring error. Affirmed.

*Kerr, Lacey & Scroggie* (*Robert B. Murchie,* of counsel), for plaintiff.

*Prentis, Pugh, Fitch & Carpenter,* for defendant Fisher.

POTTER, J.  Plaintiff sued defendants to recover damages for personal injuries resulting from defendants' negligence.  Plaintiff, just prior to his injury, was working with a concrete mixer on the east side of Coolidge highway in Wayne county between the Seven-mile and Eight-mile roads.  Defendant Fisher was operating a Ford car, and was in defendant Leonard's employ.  Plaintiff, to get a drink of water, started northwesterly across the highway.  Defendant Fisher was driving north on the highway about 150 feet distant.  Plaintiff was struck by the car operated by defendant Fisher and seriously injured.  The *ad damnum* clause of the summons claimed damages not exceeding $10,000.  There was verdict for $15,000.  A motion was made by plaintiff, and granted by the court, amending the *ad damnum* clause in the summons.  A motion for judgment notwithstanding the verdict and a motion for a new trial were made and heard.  The trial court made an order granting a new trial unless the plaintiff should elect to take judgment for $5,000 instead of $15,000.  The case is here on error assigned by both plaintiff and defendants.  Plaintiff says the trial court erred in reducing the amount of the judgment to $5,000 and that he is entitled to have judgment rendered on the verdict of $15,000.  Defendants say plaintiff was guilty of contributory negligence as a matter of law, and the court erred in not directing a verdict for defendants, and in not granting a new trial.

At the time of the injury, work was being done along the highway; a number of automobiles were parked on the right-hand side; there was a danger sign, two piles of lumber along the easterly edge of the pavement, and a shed on which was fastened a red flag.  There was plainly visible a pile of sand

and a pile of cement located east of the pavement where a cement mixer was being operated, and on the opposite side a pile of rails used for a construction track. There was proof defendant Fisher was driving at an unreasonable rate of speed in this repair zone in violation of the warning signs, and that at the time of plaintiff's injury defendant Fisher was driving on the wrong side of the highway. The defendant claims the plaintiff was guilty of contributory negligence, and it is of course essential for plaintiff to show, in order to recover, not only defendant's negligence, but his own freedom from contributory negligence. The burden of proof is upon plaintiff. There was evidence of defendant Fisher's negligence. The important question is plaintiff's contributory negligence. He must show, in order to be entitled to recover, that he was, at the time of the injury, in the exercise of due care. Defendant claims that plaintiff exercised no care at all, and no care at all is not due care or such reasonable care as will permit plaintiff to recover. It is a want of care, the gist of negligence, which on the part of the plaintiff, if it contributed to his injury, bars recovery. The plaintiff had a right to go across the highway. He was bound to know it was more or less dangerous by reason of its use for automobile traffic, but he was not bound to anticipate defendant would drive at an excessive rate of speed or on the wrong side of the highway. There is testimony that when plaintiff saw defendant Fisher coming, defendant's car was 150 feet away; that plaintiff ran diagonally northwesterly across the highway. There is ample proof that the plaintiff had passed beyond the center of the highway to the westerly side thereof before he was struck by defendant's car. If defendant had stayed on his own side of the highway, plaintiff

would not have been injured. There is proof plaintiff had cleared the pavement when he was struck and that defendant swerved his car to the left and ran over plaintiff and injured him when he had passed clear of the cement portion of the highway. Under such circumstances, in view of the conflicting proof, the question of plaintiff's contributory negligence was for the jury. The action of the trial court in reducing the verdict $10,000 and entering judgment for $5,000 instead of $15,000 is the most important question in the case. Plaintiff is entitled to a right of trial by jury, and one of the necessary incidents of the trial of cases of this character by jury is that the jury shall fix the amount of damages. Their verdict should not be interfered with unless plainly excessive. If the verdict was excessive, the trial court had a right to grant a new trial. This court has recognized that the trial court has a wide discretion in granting or refusing new trials.

In *Decker* v. *Fair,* 222 Mich. 507, in a suit to recover damages for alienation of affections, the trial court granted a new trial unless plaintiff consented to remit all of a $3,500 judgment in excess of $1,000. This court affirmed the trial court's action.

In *McLean* v. *Express Co.,* 243 Mich. 113, plaintiff recovered a judgment in a personal injury case of $16,000. The trial court, on motion, entered an order that unless plaintiff elected within 20 days to accept a judgment against defendant of $3,500, a new trial would be granted. This court affirmed the action of the trial court.

The proof shows the plaintiff was knocked down and run over, that he suffered a compound fracture of both bones in the left leg, a comminuted fracture of both bones of the right leg, extending into the knee joint; that he suffers from permanent partial disability on account of the permanent injury to the

right leg; that he will have trouble with the right knee as long as he lives, the right leg having 50 per cent. of its normal flection at the knee and but 25 per cent. at the ankle. He suffered pain and incurred the usual hospital bills and surgeon's services.

The trial court having the right to grant a new trial on account of the amount of the verdict, the broad discretion vested in him by law ought not to be interfered with by this court unless it was plainly abused. We are unable on this record to say the trial court abused the discretion vested in him. No other assignments of error require discussion.

The judgment of the trial court is affirmed, with costs to plaintiff.

NORTH, C. J., and FEAD, BUTZEL, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.