WAISANEN *v.* GASPARDO

DAMAGES—DEFAULT—JURY TRIAL—DEMAND—COURT RULES.
Plaintiff was entitled to a trial by jury to determine damages in a negligence action where a default was entered against defendant and plaintiff had demanded a trial by jury at the time of filing the complaint and again at the time of the entry of the default (GCR 1963, 520.2[2]).

Appeal from Houghton, Stephen D. Condon, J. Submitted Division 3 October 15, 1970, at Marquette. (Docket No. 9344.) Decided January 29, 1971.

Complaint by Nancy M. Waisanen, administratrix of the estate of Kenneth P. Waisanen, against James Gaspardo for damages for wrongful death. Default judgment for plaintiff. Plaintiff appeals denial of jury trial as to damages. Reversed and remanded.

*Wisti & Jaaskelainen,* for plaintiff.

Before: FITZGERALD, P. J., and McGREGOR and O'HARA,* JJ.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

REFERENCE FOR POINTS IN HEADNOTE
47 Am Jur 2d, Jury § 42.

PER CURIAM. This appeal is taken from a default judgment entered by the circuit court in favor of plaintiff, in the amount of $60,000 as damages for the wrongful death of plaintiff's decedent husband, allegedly caused by the negligent act of defendant. On filing the complaint, plaintiff made a demand for a jury trial. After default was entered against the defendant as to liability, a demand for trial by jury as to damages was again made by plaintiff. The trial judge denied a jury trial on this issue and took proofs as to plaintiff's damages. Defendant is not represented on this appeal.

GCR 1963, 520.2(2) provides:

"Default.
".2 Judgment by default may be entered as follows:

\* \* \*

"(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; \* \* \* If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by the constitution."

Furthermore, the comments to GCR 1963, 520, as found in 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 659, state:

"The default, moreover, in a suit for unliquidated damages, does not establish the amount of damages, and the taking of proofs or a trial on this issue becomes necessary. A defaulted defendant may not be heard on the trial of damages as a matter of right.

Nor will he have any right to trial by jury. Either he will have waived that right by failure to make a timely demand, Rule 508, or he will have forfeited his right to a contested trial by the acts constituting his default. The plaintiff, on the other hand, may have made a timely demand for trial by jury, Rule 508, and if it becomes necessary to take proofs on the issue of damages he could insist upon trial by the jury rather than by the court as a matter of Constitutional right."

We find that plaintiff was wrongfully denied a jury trial on this issue.

Reversed and remanded. Costs to plaintiff.