RAMSEY v MICHIGAN UNDERGROUND STORAGE TANK
FINANCIAL ASSURANCE POLICY BOARD

Docket No. 167618. Submitted February 9, 1995, at Lansing. Decided
March 27, 1995; approved for publication April 27, 1995, at 9:00
A.M.

George E. Ramsey, III, petitioned the Macomb Circuit Court for
judicial review of a decision by the Michigan Underground
Storage Tank Financial Assurance Policy Board denying peti-
tioner's claim under the Michigan Underground Storage Tank
Financial Assurance Act, MCL 299.801 et seq.; MSA 13.29(201)
et seq., for financial assistance in the remediation of leaking
underground gasoline tanks on petitioner's property. The peti-
tioner had reported the leak on January 25, 1989, and had filed
his claim on June 26, 1990. The court, John B. Bruff, J.,
affirmed the board's decision. The petitioner appealed.

The Court of Appeals held:

1. Pursuant to MCL 299.809(1)(a); MSA 13.29(209)(1)(a), as
amended effective July 18, 1989, an owner or operator of an
underground storage tank is eligible for funds only if the leak
is discovered and reported on or after July 18, 1989. The
amended statute applied to the petitioner's claim. Any right to
funds he might have had under the preamendment version of
the statute was not a vested right but a statutory right that the
Legislature could take away.

2. The board's adoption of the hearing referee's factual
findings and the fund administrator's conclusions of law did not
violate the Administrative Procedures Act, MCL 24.201 et seq.;
MSA 3.560(101) et seq.

Affirmed.

ENVIRONMENT — MICHIGAN UNDERGROUND STORAGE TANK FINANCIAL
ASSURANCE ACT — CLAIMS.

An owner or operator of a leaking underground gasoline storage
tank is eligible for funds from the Michigan Underground
Storage Tank Financial Assurance Fund to assist in the reme-

REFERENCES

Am Jur 2d, Pollution Control §§ 277-292.
See ALR Index under Environmental Law.

diation of the affected site only if the leak is discovered and reported on or after July 18, 1989 (MCL 299.809[1][a]; MSA 13.29[209][1][a]).

*Clark, Klein & Beaumont* (by *Thomas S. Nowinski* and *Sherwin E. Zamler*), for the petitioner.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *A. Michael Leffler* and *Diane L. Galbraith,* Assistant Attorneys General, for the respondent.

Before: FITZGERALD, P.J., and TAYLOR and MARKMAN, JJ.

PER CURIAM. Petitioner appeals as of right from a decision of the Michigan Underground Storage Tank Financial Assurance Policy Board that denied petitioner's application for funds under the Michigan Underground Storage Tank Financial Assurance Act (MUSTFA), MCL 299.801 *et seq.*; MSA 13.29(201) *et seq.* We affirm.

Petitioner owned land that was leased by Clark Oil and operated as a gas station until January 14, 1989. During an attempt to properly close the underground storage tanks located on the property, it was discovered that the tanks had leaked. A report was made on January 25, 1989. On June 26, 1990, petitioner filed a claim under the MUSTFA that was denied by the MUSTFA administrator on January 4, 1991. While the administrator cited several reasons for the denial of the claim, at issue in this appeal is the administrator's finding that, because petitioner's discovery and report of the leakage occurred before the July 18, 1989, effective date of an amendment of the MUSTFA, petitioner's claim was not covered by the act.

Petitioner requested a review of the administrator's decision, which was upheld after a February

22, 1991, public meeting. Petitioner then requested a contested-case hearing, which was held before a hearing referee on September 4, 1991. On January 14, 1992, the referee submitted his proposal for decision with a recommendation that petitioner's claim be honored. The MUSTFA administrator filed exceptions and proposed conclusions of law and petitioner filed a response.

The MUSTFA board entered its final order on September 22, 1992. In this order, the board adopted the referee's findings of fact and the MUSTFA administrator's proposed conclusions of law and denied funds to petitioner. The circuit court affirmed the board's decision.

Petitioner first asserts that although the circuit court agreed with the board's position that the amendment was being applied prospectively, the application of the amendment has a retroactive effect. This argument rests on the premise that the amendment affected petitioner's eligibility for funds by adding a new requirement for eligibility: that the release be discovered and reported on or after July 18, 1989.

In support of this position, petitioner argues that the 1989 amendment was neither remedial nor procedural, but rather affected a substantive right, i.e., eligibility for MUSTFA funds. However, the Michigan Supreme Court has held that

> it is presumed that provisions added by the amendment affecting substantive rights are intended to operate prospectively. Provisions added by the amendment that affect substantive rights will not be construed to apply to transactions and events completed prior to its enactment unless the legislature has expressed its intent to that effect or such intent is clearly implied by the language of the amendment or by the circumstances surround-

ing its enactment. [*Hurd v Ford Motor Co,* 423 Mich 531, 535; 377 NW2d 300 (1985).]

Here, the Legislature had made its intent absolutely clear: an owner or operator of an underground storage tank will be eligible for funds only if the release "was discovered and reported on or after July 18, 1989." MCL 299.809(1)(a); MSA 13.29(209)(1)(a).[1] Hence, the asserted retroactive effect is permissible. Consequently, petitioner must meet all eligibility requirements of the act as amended to qualify for funds. *Lahti v Fosterling,* 357 Mich 578, 587-588; 99 NW2d 490 (1959). The trial court properly affirmed the board's denial of funds on the basis that petitioner discovered and reported the leak before July 18, 1989.

Petitioner also asserts that his right to MUSTFA funds had vested and that the amendment therefore cannot be applied retroactively. However, this Court has stated:

> The question of determining what is a vested right has always been a source of much difficulty to all courts. The right which [plaintiff] claim[s] sprang from the kindness and grace of the legislature. It is the general rule that *that which the legislature gives, it may take away.* A statutory defense, or a *statutory right, though a valuable right, is not a vested right,* and a holder thereof may be deprived of it. [*Riza v Delray Baking Co,* 200 Mich App 169, 176; 504 NW2d 193 (1993). Emphasis in *Riza.*]

The MUSTFA was enacted, in part, to provide financial assistance to those who must remediate leaking underground storage tanks. This statutory

---

[1] The original version of MCL 299.809(1)(a); MSA 13.29(209)(1)(a), 1988 PA 518, effective January 19, 1989, did not impose a date restriction.

right to funds, although clearly valuable, is not a vested right.

Next, petitioner claims that the board's adoption of the referee's findings of fact and the administrator's proposed conclusions of law was improper and did not follow the requirement of the Administrative Procedures Act (APA), MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.*, that an agency make a final decision or order in a contested case "in writing or stated in the record and shall include findings of fact and conclusions of law." MCL 24.285; MSA 3.560(185). Specifically, petitioner argues that the findings of fact and conclusions of law should be contained in the same document or, in the alternative, the relationship between the documents should be reasonably discernible.

An examination of the referee's proposal for decision reveals a section clearly identified as findings of fact. These findings of fact do not conflict with the conclusions of law that were supported by authority or reasoned opinion and were adopted by the board. Petitioner cites no authority for the proposition that it is improper for the board to adopt as its own the administrator's proposed conclusions of law.

Last, petitioner has failed to cite authority in support of his argument that a memorandum to the board from an assistant attorney general not involved with this case was an improper ex parte communication as that term is defined in the APA. This Court will not search for authority to sustain or reject a party's position. *Winiemko v Valenti,* 203 Mich App 411, 415; 513 NW2d 181 (1994). Nonetheless, we note that the assistant attorney general was not a party, or a representative of a party, to the action. MCL 24.282; MSA 3.560(182).

Affirmed.