PHILLIPS v MIRAC, INC

Docket No. 227257. Submitted January 16, 2002, at Lansing. Decided June 7, 2002, at 9:05 A.M. Leave to appeal sought.

Margaret Phillips, as personal representative of the estate of Regeana D. Hervey, brought an action in the Saginaw Circuit Court against Mirac, Inc., alleging liability by the defendant under § 401 of the Michigan Vehicle Code, MCL 257.401, as owner of a rental car involved in the decedent's fatal automobile accident. The parties agreed to limit any damages recovery by the plaintiff to not less than $150,000 and not more than $250,000. A jury returned a $900,000 verdict for the plaintiff. The court, Leopold P. Borrello, J., entered a $250,000 judgment for the plaintiff, ruling that subsection 401(3)—which limits recovery from the owner of a motor vehicle leased for a period of thirty days or less to $20,000 for the injury or death of one person in any one accident or $40,000 for the injury or death of two or more persons in any one accident in the absence of negligence in the leasing of the motor vehicle—violates state constitutional rights to a jury trial, equal protection, and due process. The defendant appealed.

The Court of Appeals held:

1. The damages cap of subsection 401(3) does not violate the right to a jury trial as guaranteed by Const 1963, art 1, § 14. The Legislature has the power to abolish or modify common-law and statutory rights and remedies. If the Legislature can abolish a cause of action, it necessarily follows that it can limit the damages recoverable for the cause of action. The damages cap in subsection 401(3) in no way removes from the jury the determination of the facts and of the amount of damages that the injured plaintiff incurred. Rather, subsection 401(3) simply limits the amount of damages that can be recovered from a lessor of motor vehicles.

2. The damages cap of subsection 401(3) does not violate equal protection as guaranteed by Const 1963, art 1, § 2. The classification schemes created by subsection 401(3) are rationally related to a legitimate government purpose, i.e., assuring the continued operation of the car rental business by protecting it from large jury awards.

3. The damages cap of subsection 401(3) does not violate due process of law as guaranteed by Const 1963, art 1, § 17. The test to determine whether legislation passes constitutional muster under

the Due Process Clause and the Equal Protection Clause is essentially the same.

Reversed and remanded for entry of a judgment consistent with the Court of Appeals opinion.

METER, J., dissenting, stated that the damages cap of subsection 401(3) violates the right to a jury trial under the state constitution. The constitutional right to a jury trial extends to the determination of damages. The jury is not fixing the amount of damages if the trial court must reduce damages to conform to the statutory cap. The trial court's finding of unconstitutionality should be affirmed.

AUTOMOBILES — OWNERS' LIABILITY — LESSORS — RIGHT TO JURY TRIAL — EQUAL PROTECTION — DUE PROCESS.

The limitation in the owners liability statute of damages recoverable from a lessor of a motor vehicle to $20,000 for the injury or death of one person in any one accident or $40,000 for the injury or death of two or more persons in any one accident where the lease is for a period of thirty days or less and the lessor was not negligent in the leasing of the motor vehicle does not violate rights under the state constitution to a jury trial, equal protection, and due process (Const 1963, art 1, §§ 2, 14, 17; MCL 257.401[3]).

*Trogan & Trogan, P.C.* (by *Nicholas R. Trogan, III*), for the plaintiff.

*Plunkett & Cooney, P.C.* (by *Ernest R. Bazzana* and *Hans H. J. Pijls*), for the defendant.

Before: GAGE, P.J., and HOEKSTRA and METER, JJ.

HOEKSTRA, J. In this appeal, we must determine whether the statutory cap on recoverable damages set forth in MCL 257.401(3) violates the Michigan Constitution. This provision limits a plaintiff's recovery in an action against a lessor of a motor vehicle, absent negligence by the lessor, when bodily injury or death occurs from an accident involving a motor vehicle leased for thirty days or less. We find that the damages cap provision of MCL 257.401(3) does not violate a party's rights to a jury trial, to equal protection, or to due process of law, under the Michigan Constitution. Consequently, we hold that the statute is consti-

tutional. Because the trial court found the statute unconstitutional, we reverse and remand.

## I. FACTS AND PROCEDURAL HISTORY

This action arises from an automobile accident in October 1997 that resulted in the death of Regeana Diane Hervey, a passenger in the automobile driven by Da-Fel Reed. Reed had rented the automobile involved in the accident for a period of thirty days or less from defendant Mirac, Inc., doing business as Enterprise Rent-A-Car. Plaintiff Margaret Phillips, who is the decedent's mother and the personal representative of the decedent's estate, commenced this action against defendant[1] on the basis of owner's liability under § 401 of the Michigan Motor Vehicle Code (MVC), MCL 257.401. The parties stipulated that under Michigan law, defendant is responsible for Reed's authorized operation of the rented automobile. Plaintiff did not allege that defendant was negligent in leasing the automobile to Reed.

A jury trial commenced in November 1999, and the jury returned a verdict in favor of plaintiff.[2] Both plaintiff and defendant presented orders for entry of judgment. Plaintiff sought entry of judgment for $250,000, plus statutory interest, fees, and costs, while defendant sought entry of judgment for $20,000,

---

[1] Plaintiff also sued Reed, who the jury found negligent, but Reed is not a party to this appeal.

[2] Interestingly, and for that matter ironically, the jury verdict regarding plaintiff's damages was $900,000. However, before the jury rendered its verdict, the parties, including plaintiff, defendant herein, and the driver of the automobile, Reed, entered into a "high-low" agreement. The agreement placed a $150,000 minimum and $250,000 maximum on plaintiff's recovery, subject to reduction pursuant to MCL 257.401(3). The agreement stated that Reed is uncollectible and that plaintiff will not seek entry of judgment against Reed on any verdict.

pursuant to MCL 257.401(3) (subsection 401[3]), plus statutory interest, fees, and costs. After oral argument concerning the constitutionality of the statutory cap on recoverable damages in subsection 401(3), the trial court determined that this provision is unconstitutional under the Michigan Constitution because it violates the rights to a jury trial, equal protection, and due process. Thus, on April 26, 2000, the trial court entered judgment in favor of plaintiff in the amount of $250,000, plus interest, fees, and costs. This appeal ensued.

## II. STANDARD OF REVIEW

The constitutionality of a statute is a question of law that this Court reviews de novo. *Tolksdorf v Griffith*, 464 Mich 1, 5; 626 NW2d 163 (2001); *Proctor v White Lake Twp Police Dep't*, 248 Mich App 457, 461; 639 NW2d 332 (2001). "A statute is presumed constitutional, unless its unconstitutionality is readily apparent." *Tolksdorf, supra*; *McDougall v Schanz*, 461 Mich 15, 24; 597 NW2d 148 (1999); *Proctor, supra* at 461-462. A statute is not unconstitutional merely because it is undesirable, unfair, or unjust. *Doe v Dep't of Social Services*, 439 Mich 650, 681; 487 NW2d 166 (1992); *In re Juvenile Commitment Costs*, 240 Mich App 420, 440; 613 NW2d 348 (2000).

## III. ANALYSIS

On appeal, defendant maintains that the trial court's finding that subsection 401(3) violates a party's rights to a jury trial, to equal protection, and to due process of law was error. Subsection 401(3) provides in pertinent part:

Unless the lessor, or his or her agent, was negligent in the leasing of the motor vehicle, the lessor's liability under this subsection is limited to $20,000.00 because of bodily injury to or death of 1 person in any 1 accident and $40,000.00 because of bodily injury to or death of 2 or more persons in any 1 accident. [MCL 257.401(3).]

The challenge to the constitutionality of this damages cap raises a question of first impression.

### A. RIGHT TO TRIAL BY JURY

In the trial court, plaintiff first challenged the damages cap provision of subsection 401(3) by claiming that the statute violates the right under the Michigan Constitution to a jury trial. Specifically, plaintiff maintained, and continues to maintain on appeal, that subsection 401(3) interferes with the plaintiff's right to have the jury assess damages and that the Legislature may not "whittle away" this right. According to plaintiff, the Legislature, by enacting this provision, has circumvented the jury's award of damages, which "hollows and eviscerates the right to trial by jury, thus rendering its existence one of mere form, and not substance."

To the contrary, defendant contends that subsection 401(3) is constitutional because it constitutes a valid and legitimate exercise of the Legislature's police power. In particular, defendant argues that subsection 401(3) does not violate the right to a jury trial because the Legislature has the authority to abolish or modify rights and remedies, whether they are based on common law or statutes. Defendant further argues that subsection 401(3) does not impinge on the jury's right to determine facts; rather, subsection 401(3) merely limits the legal consequences of the

jury's finding. According to defendant, statutory damages caps constitute a legal, rather than factual, determination and therefore are not subject to the right to a jury trial.

In Michigan, our constitution guarantees the right to a jury trial. In relevant part, the Michigan Constitution provides that "[t]he right of trial by jury shall remain, but shall be waived in all civil cases unless demanded by one of the parties in the manner prescribed by law." Const 1963, art 1, § 14.[3] First, we note that defendant does not challenge that the right to a jury trial extends to an action under the civil liability act of the MVC, MCL 257.401 *et seq.*[4] Further, in Michigan the right to a jury trial includes the right to have the jury assess damages. See *Wood v DAIIE*, 413 Mich 573, 583-584; 321 NW2d 653 (1982); *Leary v Fisher*, 248 Mich 574, 578; 227 NW 767 (1929); *Mink v Masters*, 204 Mich App 242, 246; 514 NW2d 235 (1994); *Equico Lessors, Inc v Original Buscemi's, Inc*, 140 Mich App 532, 536; 364 NW2d 373 (1985). Overlying a plaintiff's right to have a jury decide damages in a suit against the owner of a motor vehicle is subsection 401(3), which the Legislature adopted to limit the amount that a plaintiff may recover against the owner in certain circumstances. Contrary to what the trial court held, we find that this damages cap

---

[3] The Michigan Court Rules also indicate that "[t]he right of trial by jury as declared by the constitution must be preserved to the parties inviolate." MCR 2.508(A).

[4] We also note that although not raised directly, at the time that the 1963 constitution was adopted, the civil liability act conferred a right to a jury trial because the act provided for actual damages and, therefore, an action brought pursuant to that act was an action at law, not equity. See *Anzaldua v Band*, 457 Mich 530, 539, 548; 578 NW2d 306 (1998).

provision does not impinge on a plaintiff's right to a jury trial for two reasons.[5]

First, our Legislature has the power to abolish or modify common-law and statutory rights and remedies. The Michigan Constitution provides that "[t]he common law and the statute laws now in force, not repugnant to this constitution, shall remain in force until they expire by their own limitations, or are changed, amended or repealed." Const 1963, art 3, § 7; see *Donajkowski v Alpena Power Co*, 460 Mich 243, 256, n 14; 596 NW2d 574 (1999) (our Legislature has express constitutional authority to change the common law); *Myers v Genesee Co Auditor*, 375 Mich 1, 7; 133 NW2d 190 (1965) (O'HARA, J.) (the common law and statutes abide unless "changed, amended or repealed"). Simply stated, what the Legislature gives, it may take away. *Lahti v Fosterling*, 357 Mich 578, 589; 99 NW2d 490 (1959); *Ramsey v Michigan Underground Storage Tank Financial Assurance Policy Bd*, 210 Mich App 267, 270; 533 NW2d 4 (1995). Where the Legislature can abolish a cause of action, it necessarily follows that it can limit the damages recoverable for the cause of action. *Kirkland v Blaine Co Medical Center*, 134 Idaho 464, 468; 4 P3d 1115 (2000).

---

[5] Many other jurisdictions have addressed whether damages caps impinge on the constitutional right to a jury trial, and those cases decidedly point to two schools of thought: those striking down damages caps and those upholding damages caps. The trial court found persuasive cases in the former category, such as *Sofie v Fibreboard Corp*, 112 Wash 2d 636; 771 P2d 711 (1989), amended 780 P2d 260 (1989), and *Smith v Schulte*, 671 So 2d 1334 (Ala, 1995), which since the trial court's decision has been abrogated in *Ex parte Apicella*, 809 So 2d 865 (2001). This Court finds more persuasive the cases in the latter category, i.e., those upholding damages caps as constitutional. See, e.g., *Kirkland v Blaine Co Medical Center*, 134 Idaho 464; 4 P3d 1115 (2000); *Etheridge v Medical Center Hosps*, 237 Va 87; 376 SE2d 525 (1989); *Franklin v Mazda Motor Corp*, 704 F Supp 1325 (D Md, 1989).

Our Legislature has utilized its power to limit or eliminate defendant liability in certain cases. See, e.g., MCL 691.1407 (governmental immunity from tort liability); MCL 418.131 (worker's compensation is exclusive remedy against an employer); MCL 324.73301 (limitation of landowners' liability for injuries to guests to gross negligence or willful and wanton misconduct). In addition, through statutes of limitation or repose, our Legislature limits the time in which a plaintiff can bring an action, thereby preventing causes of action that it deems stale. See, e.g., MCL 600.5805 (statute of limitations for injuries to persons or property). Because our Legislature can change, amend, or repeal the common law or statutory provisions and because that power allows it to limit or completely eliminate actions, we find that it logically follows that the Legislature may limit a plaintiff's remedy. We, like the Supreme Court of Idaho, "can discern no logical reason why a statutory limitation on a plaintiff's remedy is any different than other permissible limitations on the ability of plaintiffs to recover in tort actions." *Kirkland, supra* at 468.

Nor do we believe that at the time the Constitution of 1963 was adopted, the intent was to prohibit the Legislature from addressing appropriate damages. A number of Michigan statutes at that time provided, and continue to provide, for double or treble damages in civil actions. See, e.g., MCL 230.7 (providing treble damages for injuries to bridges); MCL 429.103 (providing double the amount of damages sustained by breach contract of sale for Michigan wheat). Although these statutes increase, rather than decrease, the amount of damages awarded, they nonetheless modify the jury award. Such increases in damages demon-

strate that a defendant's right to have a jury assess liability and damages can be legislatively altered.

Second, subsection 401(3) does not violate the right to a jury trial because it does not impinge on the jury's right to decide cases. In Michigan, trial by jury encompasses the right to have a jury hear a claim and determine issues of fact. *Great Lakes Gas Transmission Ltd Partnership v Markel*, 226 Mich App 127, 132; 573 NW2d 61 (1997). The damages cap in subsection 401(3) in no way removes from the jury the determination of facts and of the amount of damages that the injured plaintiff incurred. Rather, subsection 401(3) simply limits the amount of those damages that can be recovered from a lessor of vehicles.[6] In other words, subsection 401(3) only limits the legal consequences of the jury's finding. See *Kirkland, supra* at 469. Once the jury has reached its verdict, the trial court merely enters a judgment on the verdict that is consistent with the law. See *Heinz v Chicago Rd Investment Co*, 216 Mich App 289, 299-300; 549 NW2d 47 (1996) (statute requiring that a jury damage award be reduced by the amount a plaintiff receives from a collateral source does not violate the right to a jury trial).[7] Again, we agree with the

---

[6] Subsection 401(3) does not limit the recovery of damages if the lessor was negligent, nor does it affect the right to collect damages from other tortfeasors.

[7] The trial court found inapplicable *Heinz, supra*, which held that the collateral-source rule codified in MCL 600.6303 did not alter the jury's assessment of damages, but simply recognized that the plaintiffs were compensated already for part of the damages, because "there was no statutory limit on the jury's ability to assess the plaintiff's damages." We disagree. Here, like in *Heinz*, there is no statutory limit on the jury's ability to assess a plaintiff's damages; rather, subsection 401(3) merely provides that recovery of the damages from a specific party, the lessor of a vehicle leased for a specific period, is limited to a certain amount, not that the

Supreme Court of Idaho, that "[t]he legal conse-
quences and effect of a jury's verdict are a matter for
the legislature (by passing laws) and the courts (by
applying those laws to the facts as found by the
jury)." *Kirkland, supra* at 469.

For these reasons, we hold that subsection 401(3)
does not violate the right to trial by jury as guaran-
teed by the Michigan Constitution, Const 1963, art 1,
§ 14.

### B. EQUAL PROTECTION

Plaintiff also challenged in the trial court the dam-
ages cap provision of subsection 401(3) on the basis
that it violates the right under the Michigan Constitu-
tion to equal protection. Specifically, plaintiff main-
tained, and continues to maintain on appeal, that the
strict scrutiny review standard applies because the
fundamental right to a jury trial is involved. Under
this standard, plaintiff concludes that subsection
401(3) violates equal protection because defendant
cannot prove that the damages cap serves a compel-
ling interest. Plaintiff concludes, in the alternative,
that the statute cannot survive the substantial rela-
tionship test and also "flunks" the rational basis test.
Defendant contends, to the contrary, that subsection
401(3) does not violate equal protection because it is
rationally related to the purpose of protecting the via-
bility of the automobile rental business in Michigan.

The Michigan Constitution guarantees the right to
equal protection: "[n]o person shall be denied the
equal protection of the laws." Const 1963, art 1, § 2.

---

jury may not assess a higher amount of damages that may be recoverable
from tortfeasors.

"This constitutional guarantee requires that persons similarly situated be treated alike." *Wysocki v Felt*, 248 Mich App 346, 350; 639 NW2d 572 (2001). Our first task in determining whether subsection 401(3) violates the constitutional guarantee of equal protection is to ascertain the proper level of review to apply. *Crego v Coleman*, 463 Mich 248, 259; 615 NW2d 218 (2000). If the legislation creates an inherently suspect classification, such as race, ethnicity, and national origin, or affects a fundamental right, the "strict scrutiny" test applies. *Crego, supra; Vargo v Sauer*, 457 Mich 49, 60; 576 NW2d 656 (1998); *Proctor, supra* at 469. Other classifications that are suspect, but not inherently suspect, such as gender and mental capacity, are subject to the intermediate-level "substantial relationship" test. *Proctor, supra; Neal v Oakwood Hosp Corp*, 226 Mich App 701, 717; 575 NW2d 68 (1997). However, social or economic legislation is generally examined under the "rational basis" test. *People v Perlos*, 436 Mich 305, 331; 462 NW2d 310 (1990); *Wysocki, supra* at 354; *Proctor, supra.*

Here, the legislation does not create an inherently suspect classification, nor is the fundamental right to a jury trial implicated, as explained above, and thus strict scrutiny is not required. Thus, we reject plaintiff's contention that strict scrutiny is appropriate. Nor is the heightened scrutiny of the substantial relationship test necessary. In other cases, this Court has held that classification schemes created by various tort reform legislation are social or economic legislation subject to the rational basis test. *Wysocki, supra* at 366; *Stevenson v Reese*, 239 Mich App 513, 517; 609 NW2d 195 (2000); *Neal, supra* at 718; *Heinz, supra* at

300. Because the statute in question falls into that category, the rational basis test must be applied.

Our Supreme Court has recently explained the rational basis test:

> Under rational-basis review, courts will uphold legislation as long as that legislation is rationally related to a legitimate government purpose. To prevail under this highly deferential standard of review, a challenger must show that the legislation is "arbitrary and wholly unrelated in a rational way to the objective of the statute." A classification reviewed on this basis passes constitutional muster if the legislative judgment is supported by any set of facts, either known or which could reasonably be assumed, even if such facts may be debatable. Rational-basis review does not test the wisdom, need, or appropriateness of the legislation, or whether the classification is made with "mathematical nicety," or even whether it results in some inequity when put into practice. Rather, the statute is presumed constitutional, and the party challenging it bears a heavy burden of rebutting that presumption. [*Crego, supra* at 259-260 (citations omitted).]

In the present case, plaintiff failed to overcome the presumption of constitutionality. In her brief, plaintiff asserts that the automobile rental lobby essentially duped the Legislature into believing that a problem existed within the industry regarding large jury-determined damages awards in negligence cases and that the industry needed legislative protection in order to ensure the continued operation of these businesses in Michigan, when in fact no problem actually existed. Whether we agree with this assertion is not the issue before us. The "wisdom, need or appropriateness of the legislation" is not for us to decide. *Crego, supra* at 260. Rather, we must determine only if "any set of facts, either known or which could rea-

sonably be assumed" supports the Legislature's judgment. *Crego, supra* at 259-260. We find that this legislation passes that test because it can reasonably be assumed that Michigan has a legitimate interest in the continued operation of automobile rental businesses, and protecting those businesses from large damages awards in jury trials bears a rational relationship to that end. Because subsection 401(3) is rationally related to a legitimate government purpose, it survives rational basis review and is constitutional. No violation of the Equal Protection Clause exists here.

C. DUE PROCESS

Finally, defendant challenges on appeal the trial court's holding that the damages cap violates the Due Process Clause of the Michigan Constitution, which provides that no person shall "be deprived of life, liberty or property, without due process of law." Const 1963, art 1, § 17. Because the test to determine whether legislation passes constitutional muster under the Due Process and Equal Protection Clauses is essentially the same, *Doe, supra* at 682, n 36; *Shavers v Attorney General*, 402 Mich 554, 612-613; 267 NW2d 72 (1978), subsection 401(3) does not violate due process.

Reversed and remanded for entry of judgment consistent with this opinion. We do not retain jurisdiction.

GAGE, P.J., concurred.

METER, J. (*dissenting*). I respectfully dissent because I believe the damages cap in MCL 257.401(3) violates the right to trial by jury as guaranteed by the

Michigan Constitution. I would affirm the trial court's finding of unconstitutionality.

Our constitution states that "[t]he right of trial by jury shall remain, but shall be waived in all civil cases unless demanded by one of the parties in the manner prescribed by law." Const 1963, art 1, § 14. The owner's liability statute in particular confers a right to trial by jury, because it provides for actual damages and it constituted an action at law at the time the 1963 constitution was adopted. See *Anzaldua v Band*, 457 Mich 530, 538-539, 548; 578 NW2d 306 (1998).

In Michigan, the right to a jury trial extends to the determination of damages. See, e.g., *Leary v Fisher*, 248 Mich 574, 578; 227 NW 767 (1929), *Equico Lessors, Inc v Original Buscemi's, Inc*, 140 Mich App 532, 536; 364 NW2d 373 (1985), and *Waisanen v Gaspardo*, 30 Mich App 292, 294; 186 NW2d 75 (1971). In *Leary, supra* at 576, the plaintiff sued the defendant for injuries sustained when the defendant hit him with an automobile. The Supreme Court stated that "[p]laintiff is entitled to a right of trial by jury, and one of the necessary incidents of the trial of cases of this character by jury *is that the jury shall fix the amount of damages.*" *Id.* at 578 (emphasis added).

In light of these cases and in light of our constitution's language, the necessary outcome for the instant case appears to me rather clear: Because our constitution confers a right to trial by jury, and because the right to trial by jury in Michigan extends to a determination of damages, the damages cap in the instant case is unconstitutional. Indeed, if the trial court must automatically reduce the amount of damages assessed by the jury to conform to the statutory cap,

then the jury is not "fix[ing] the amount of damages" as required by *Leary*. See *id.*

The majority contends that because the Michigan Constitution provides that "[t]he common law and the statute laws now in force, not repugnant to this constitution, shall remain in force until they expire by their own limitations, or are changed, amended or repealed," see Const 1963, art 3, § 7, the Legislature is free to impose statutory damages caps. The majority states, "Where the Legislature can abolish a cause of action, it necessarily follows that it can limit the damages recoverable for the cause of action." *Ante* at 592. The fatal flaw with this argument is that the existence of a particular cause of action, at least in many instances, is not mandated *by the constitution*. Many causes of action are creatures of the Legislature, and therefore the Legislature is free to abolish these causes of action. The right to a jury trial, on the other hand, is indeed mandated by the constitution, as discussed earlier. Accordingly, the Legislature is *not free* to abrogate this right. In other words, while the Legislature may take away what *it* has given, it may not take away what *the constitution* has given.

Support for this rationale can be found in *Sofie v Fibreboard Corp*, 112 Wash 2d 636, 651-652; 771 P2d 711 (1989), amended 780 P2d 260 (1989). In *Sofie*, the Supreme Court of Washington, responding to a similar argument, stated:

> The Legislature has power to shape litigation. Such power, however, has limits: it must not encroach upon constitutional protections. In this case, by denying litigants an essential function of the jury [by way of damages caps], the Legislature has exceeded those limits.

*          *          *

. . . Because of the constitutional nature of the right to jury trial, litigants have a continued interest in it—it simply cannot be removed by legislative action. *As long as the cause of action continues to exist and the litigants have access to a jury, that right of access remains as long as the cause of action does.* [Emphasis added.]

Similarly, I believe that here, as long as a cause of action remains under the owner's liability statute, litigants are entitled to a jury trial on damages, and this right entails having the jury determine the amount of damages. *Leary, supra* at 578.

The majority alternatively contends that the damages cap in subsection 401(3) does not violate the right to trial by jury because "[t]he damages cap . . . in no way removes from the jury the determination of facts and of the amount of damages that the injured plaintiff incurred." *Ante* at 594. The majority states that "subsection 401(3) simply limits the amount of those damages that can be recovered from a lessor of vehicles." *Ante* at 594. Once again, this logic is fatally flawed. Indeed, in a case such as the instant one, having the jury "determin[e] . . . [the] facts and . . . the amount of damages that the injured plaintiff incurred" but then arbitrarily reducing this amount to a prescribed statutory number renders the jury's function purely illusory.[1] As noted in *Sophie, supra* at 655:

Respondents also contend that the damages limit affects only the judgment as entered by the court, not the jury's finding of fact. This argument ignores the constitutional magnitude of the jury's fact-finding province, including its

---

[1] I note that in the instant case, plaintiff does not have the option, as the majority suggests, of recovering damages from "other tortfeasors," because the negligent driver of the automobile in which plaintiff's decedent was a passenger is not collectible and was uninsured.

role to determine damages. Respondents are essentially saying that the right to trial by jury is not invaded if the jury is allowed to determine facts which go unheeded when the court issues its judgment. *Such an argument pays lip service to the form of the jury but robs the institution of its function.* This court will not construe constitutional rights in such a manner. [Emphasis added.]

A similar rationale was adopted by our neighbor state, Ohio, in *State ex rel Ohio Academy of Trial Lawyers v Sheward*, 86 Ohio St 3d 451, 484-485; 715 NE2d 1062 (1999), in which the court stated, "[A] statute that allows the jury to determine the amount of punitive damages to be awarded but denies the litigant the benefit of that determination stands on no better constitutional footing than one that precludes the jury from making the determination in the first instance."

While it is true that a trial court may lower a jury's determination of damages under the doctrine of remittitur, this type of diminution, unlike one that occurs as a result of a statutory damages cap, does not render the jury's role illusory. Indeed, in cases of remittitur, a court may lower the jury's determination of damages *as a matter of law only after determining that the award is unsupported by the evidence introduced at trial.* See *Szymanski v Brown*, 221 Mich App 423, 431; 562 NW2d 212 (1997). By contrast, a statutory damages cap mandates a reduction solely because of legislative fiat, notwithstanding that a much greater amount of damages may be supported by the evidence introduced at trial.[2] As noted in *Sophie, supra* at 654:

---

[2] I note that in this case, the jury found damages in the amount of $900,000, and this amount was reduced to $250,000 because of an

[R]emittitur is wholly within the power of the trial judge. Within the guidelines of the doctrine, the judge makes the legal conclusion that the jury's damage finding is too high. This judicial finding—arrived at with judicial care—is fundamentally different from a legislatively imposed "remittitur" that operates automatically. . . .

The judge's use of remittitur is, in effect, the result of a legal conclusion that the jury's finding of damages is unsupported by the evidence. The Legislature cannot make such case-by-case determinations. Therefore, the legislative damages limit is fundamentally different from the doctrine of remittitur.

In the instant case, the statute at issue required the trial court to arbitrarily reduce the amount of damages awarded by the jury without any determination regarding whether the award was supported by the evidence at trial. The necessary component of judicial discretion was eviscerated, and the constitutional right to trial by jury was violated.

In sum, I conclude that because art 1, § 14 of our constitution guarantees the right to trial by jury, and because this right in Michigan includes the right to have the jury determine the amount of damages, see *Leary, supra* at 578, MCL 257.401(3) must be deemed unconstitutional. I note that in *Galayda v Lake Hosp Systems, Inc*, 71 Ohio St 3d 421, 427; 644 NE2d 298 (1994), the Supreme Court of Ohio ruled that a statute mandating that any future damages awards in excess of $200,000 be paid in a series of periodic payments violated the constitutional right to trial by jury because it deprived the plaintiff of the full value of

"over/under" agreement entered into by the parties before trial. This diminution of the jury verdict was acceptable because it resulted from an agreement entered into freely and voluntarily by the parties.

the jury's award by reducing the interest available on the award. The court emphasized the following:

> It is well established that the right of trial by jury in this state is a fundamental and substantial right guaranteed by the Ohio Constitution. . . . Included in that right is the right to have a jury determine all questions of fact, including the amount of damages to which the plaintiff is entitled. [*Id.* at 425.]

Michigan similarly guarantees a plaintiff a jury trial with respect to damages, and if depriving a plaintiff of interest on a jury's award violates the constitutional right to a jury trial, then surely an arbitrary reduction of a $250,000 award to $20,000 violates the right to a jury trial.[3]

I would affirm.

---

[3] See also *Lakin v Senco Products, Inc,* 329 Or 62, 78-82; 987 P2d 463 (1999), amended 329 Or 369; 987 P2d 476 (1999), and *Smith v Dep't of Ins,* 507 So 2d 1080, 1088-1089 (Fla, 1987), for additional authority supporting my position today.