WEAVER, J.
(concurring in part and dissenting in part). I concur in the majority’s conclusion that MCL 257.401(3), which caps the amount of a lessor’s liability in motor vehicle leases of thirty days or less, does not violate plaintiffs constitutional rights to a jury trial,[1] *439 equal protection,[2] or due process.[3] But I do so pursuant to my own reasoning, which is set forth below.
I dissent from the majority’s conclusion that the right to trial by jury must -be interpreted according to the meaning that those “learned in the law” would give the phrase. Our primary rule of constitutional interpretation must be the common understanding that the people would have given the constitutional provision at the time of ratification, not the meaning that those “learned in the law” would give it.
facts and proceedings below
Plaintiffs decedent, Regeana Hervey, was killed in a car accident on October 27,1997, when Da-Fel Reed, the driver of the car in which Ms. Hervey was a passenger, lost control of her vehicle and struck another vehicle. Ms. Reed had leased the car that she was driving from defendant Mirac, Inc., which does business as Enterprise Rent-A-Car. The parties stipulated that the lease was for a period of thirty days or less. Decedent’s mother, plaintiff Margaret Phillips, sued Ms. Reed, as well as defendant. The suit against defendant was premised on the owner’s liability statute, MCL 257.401.[4]
Before trial, the parties entered into an agreement that collection of a judgment against defendant Mirac, Inc., would exceed $20,000 only if MCL 257.401(3), which imposes a $20,000 cap on defendant’s liability, were deemed unconstitutional. The parties further agreed that even if the cap were deemed unconstitutional, the maximum judgment to be entered on the verdict would be $250,000 and the minimum judgment *440 to be entered on the verdict would be $150,000. Additionally, the agreement recognized that Ms. Reed was uncollectible, and plaintiff agreed that she would not seek entry of a judgment against Ms. Reed on any verdict.
Following a jury trial in November 1999, the jury found Ms. Reed negligent and awarded plaintiff $900,000 in damages. Plaintiff then requested that a judgment of $250,000 be entered against defendant Mirac, Inc., on the verdict, while defendant requested that a judgment of $20,000 be entered on the verdict. In determining which judgment to enter, the trial court concluded that MCL 257.401(3) was unconstitutional and entered a judgment against defendant for $250,000.
First, the trial court determined that the statute violated plaintiffs right to a jury trial. The trial court stated that the 1963 Constitution, court rule, and case law all provide for the right to a jury’s assessment of damages and that this right must be preserved. Consequently, the Legislature could not impose a cap on the jury’s assessment of damages and its attempt to do so in MCL 257.401(3) violated the constitutional right to have a jury assess damages, as that right existed in 1929, before the ratification of Michigan’s current Constitution in 1963. The trial court found more persuasive decisions from those states that had similarly concluded that damage caps violate the right to a jury trial. But the trial court did acknowledge that the Legislature could eliminate the owner’s liability statute altogether.
Second, the trial court determined that the statute violated plaintiffs rights to equal protection under the law. The trial court reasoned that the right to a jury trial was a fundamental right and, therefore, required a strict scrutiny review. The trial court concluded that, because there was no compelling governmental interest *441 in regulating Michigan’s car rental industry, the statute failed the strict scrutiny test.
Third, the trial court concluded that the statute violated the constitutional right to due process for the same reasons that the statute violated the right to equal protection.[5]
Defendant appealed, and the Court of Appeals reversed in a two-to-one published opinion.[6] Addressing the right to a jury trial, the Court of Appeals majority held that the cap did not infringe plaintiffs right to trial by jury for two reasons. First, because the Legislature can abolish or modify common-law and statutory rights and remedies, it necessarily follows that it can limit the damages recoverable for a cause of action. Second, the statute does not infringe the jury’s right to decide cases because the damages cap does not remove from the jury the determination of facts and amount of damages. The statute simply limits the amount of damages that can be recovered from a lessor of vehicles. Thus, the cap only limits the legal consequences of the jury’s finding. 251 Mich App 590-595.
Next, the majority addressed whether the cap violates plaintiffs right to equal protection under the law. Because the statute at issue is social or economic legislation, the majority examined it under the rational basis test. The majority concluded that it was reasonable to assume that Michigan has a legitimate interest in the continued operation of automobile rental businesses and that protecting these businesses from large damage awards was rationally related to that purpose. Therefore, the statute did not violate plaintiffs equal protection rights. Similarly, because the tests for due *442 process and equal protection are essentially the same, the cap also did not violate plaintiffs due process rights. Id. at 595-598.
The Court of Appeals dissenter would have held that the damages cap is unconstitutional because it violates the right to a jury trial. The dissenter explained that “[bjecause our constitution confers a right to trial by jury, and because the right to trial by jury in Michigan extends to a determination of damages, the damages cap in the instant case is unconstitutional.” Id. at 599. The statutory damages cap renders the jury’s role illusory. While the Legislature may be free to abolish a cause of action, it may not abolish a right mandated by the Constitution. Id. at 600.
Plaintiff appealed and this Court granted leave to appeal, “limited to whether MCL 257.401(3) constitutes an unconstitutional denial of plaintiffs right to a jury trial, equal protection, or due process.”[7]
STANDARD OF REVIEW
The constitutionality of a statute is a question of law that is reviewed de novo. Tolksdorfv Griffith, 464 Mich 1, 5; 626 NW2d 163 (2001). Statutes are presumed constitutional. This Court has stated:
No rule of construction is better settled in this country, both upon principle and authority, than that the acts of a state legislature are to be presumed constitutional unless the contrary is shown; and it is only when they manifestly infringe some provision of the constitution that they can be declared void for that reason. In cases of doubt, every possible presumption, not clearly inconsistent with the language and the subject matter, is to be made in favor of the constitutionality of the act.
*443 The power in declaring laws unconstitutional should be exercised with extreme caution, and never where serious doubt exists as to the conflict.... These rules are founded in the best reasons; because, as suggested by my brother Manning, while the supreme judicial power may interfere to prevent the legislative and other departments from exceeding their powers, no tribunal has yet been devised to check the encroachments of that judicial power itself. [Sears v Cottrell, 5 Mich 251, 259-260 (1858) (emphasis in original).]
ANALYSIS
The statute at issue in this case, MCL 257.401, provides in part:
(3) Notwithstanding subsection (1), a person engaged in the business of leasing motor vehicles who is the lessor of a motor vehicle under a lease providing for the use of the motor vehicle by the lessee for a period of 30 days or less is liable for an injury caused by the negligent operation of the leased motor vehicle only if the injury occurred while the leased motor vehicle was being operated by an authorized driver under the lease agreement or by the lessee’s spouse, father, mother, brother, sister, son, daughter, or other immediate family member. Unless the lessor, or his or her agent, was negligent in the leasing of the motor vehicle, the lessor’s liability under this subsection is limited to $20,000.00 because of bodily injury to or death of 1 person in any 1 accident and $40,000.00 because of bodily injury to or death of 2 or more persons in any 1 accident. [Emphasis added.][8]
*444 RIGHT TO A JURY TRIAL
Plaintiff asserts that MCL 257.401(3) violates art 1, § 14 of the Michigan Constitution, which provides:
The right of trial by jury shall remain, but shall be waived in all civil cases unless demanded by one of the parties in the manner prescribed by law. In all civil cases tried by 12 jurors a verdict shall be received when 10 jurors agree.
I disagree that the statute violates the right to a jury trial and find the Court of Appeals analysis on this point persuasive. But before explaining my rationale for concluding that the statute is constitutional, I wish to note my continued disagreement with rules of constitutional interpretation set forth in the majority opinion. Our primary rule of constitutional interpretation must be the common understanding that the people would have given the constitutional provision at the time of ratification, not the meaning that those “learned in the law” would give it. See, e.g., Adair v Michigan, 470 Mich 105, 143; 680 NW2d 386 (2004) (WEAVES, J., dissenting in part and concurring in part); Silver Creek Drain Dist v Extrusions Division, Inc, 468 Mich 367, 382; 663 NW2d 436 (2003) (WEAVER, J., concurring in part and dissenting in part). Therefore, on this important point, I dissent from the majority opinion.
First, as the Court of Appeals noted, the damages cap contained in MCL 257.401(3) does not violate plaintiffs right to a jury trial because the Legislature has the power under our Constitution to abolish or modify common-law and statutory rights and remedies. Dona- *445 jkowski v Alpena Power Co, 460 Mich 243, 256 n 14; 596 NW2d 574 (1999). Art 3, § 7 of the Michigan Constitution states:
The common law and the statute laws now in force, not repugnant to this constitution, shall remain in force until they expire by their own limitations, or are changed, amended or repealed.
Where the Legislature can completely eliminate a cause of action, it logically follows that the Legislature can also take the less drastic step of limiting the damages recoverable for a particular cause of action. See Kirkland v Blaine Co Med Ctr, 134 Idaho 464, 468; 4 P3d 1115 (2000); Murphy v Edmonds, 325 Md 342, 373; 601 A2d 102 (1992). In other words, if the Legislature can completely eliminate an owner’s liability, it follows that it may take the less drastic step of limiting an owner’s liability.[9]
Second, as the Court of Appeals also explained, MCL 257.401(3) does not violate plaintiffs right to a jury trial because the provision does not infringe the jury’s right to decide the case. The jury still determines the facts and the damages incurred by plaintiff. It is only after the jury has done so that the cap is applied to limit liability. Thus, MCL 257.401(3) only limits the legal consequences of the
*446 jury’s finding regarding the liability. As the Maryland Court explained in Murphy, supra at 373:
The General Assembly, however, did not attempt to transfer what is traditionally a jury function to the trial judge. Instead, the General Assembly abrogated any cause of action for noneconomic tort damages in excess of $350,000; it removed the issue from the judicial arena. No question exists concerning the role of the judge versus the jury with respect to noneconomic damages in excess of $350,000. Therefore, no question concerning the constitutional right to a jury trial is presented.
I find it noteworthy that the limitation on damages in this case applies only to limit the lessor’s liability. There is no cap on the damages that limits the liability of the lessee or operator of the vehicle. This distinction is recognized in MCL 257.401(4), which provides:
A person engaged in the business of leasing motor vehicles as provided under subsection (3) shall notify a lessee that the lessor is liable only up to the maximum amounts provided for in subsection (3), and only if the leased motor vehicle was being operated by the lessee or other authorized driver or by the lessee’s spouse, father, mother, brother, sister, son, daughter, or other immediate family member, and that the lessee may be liable to the lessor up to amounts provided for in subsection (3), and to an injured person for amounts awarded in excess of the maximum amounts provided for in subsection (3). [Emphasis added.]
Thus, a plaintiff has the opportunity for a complete recovery against the party whom the jury has determined to be negligent—the lessee or operator of the vehicle, and this opportunity makes plaintiffs argument that the cap violates the right to a jury trial even less convincing.[10]
*447 For these reasons, I conclude that MCL 257.401(3) does not violate plaintiffs right to a jury trial.
EQUAL PROTECTION
Plaintiff also asserts that MCL 257.401(3) violates her right to equal protection under the law. Michigan’s Equal Protection Clause provides in part, “No person shall be denied the equal protection of the laws ....” Const 1963, art 1, § 2. Equal protection challenges are reviewed using one of three levels of scrutiny: rational basis, heightened or intermediate scrutiny, and strict scrutiny. Harvey v Michigan, 469 Mich 1, 6-7; 664 NW2d 767 (2003). I disagree with plaintiffs contention that the statute at issue in the present case should be reviewed under a strict scrutiny standard because the right to a jury trial is a fundamental right. The strict scrutiny standard of review typically applies to laws in which classifications are based on “suspect factors” such as race, ethnicity, or national origin. Id. at 7. Social or economic legislation, on the other hand, is generally subject to review under the rational basis test. People v Perlos, 436 Mich 305, 332; 462 NW2d 310 (1990). Tort reform legislation, such as the statute in the present case, is typically treated as socioeconomic legislation that *448 is subject to rational basis review. See Stevenson v Reese, 239 Mich App 513, 517-518; 609 NW2d 195 (2000).
The rational basis test considers whether the “classification itself is rationally related to a legitimate governmental interest.” Id. But it does not test “the wisdom, need, or appropriateness of the legislation ....” Crego v Coleman, 463 Mich 248, 260; 615 NW2d 218 (2000). I agree with the Court of Appeals that
this legislation passes that test because it can reasonably be assumed that Michigan has a legitimate interest in the continued operation of automobile rental businesses, and protecting those businesses from large damage awards in jury trials bears a rational relationship to that end. [251 Mich App 598.][11]
Because the statute satisfies the rational basis test, it does not violate the rights granted by the Equal Protection Clause.[12]
DUE PROCESS
Lastly, plaintiff argues that MCL 257.401(3) violates her due process rights. The Michigan Constitution provides in pertinent part that no person shall “be *449 deprived of life, liberty or property without due process of law.” Const 1963, art 1, § 17. The test for due process is “whether the legislation bears a reasonable relation to a permissible legislative objective.” Shavers v Attorney General, 402 Mich 554, 612; 267 NW2d 72 (1978). This is essentially the same test employed in the equal protection analysis. Doe v Dep’t of Social Services, 439 Mich 650, 682 n 36; 487 NW2d 166 (1992). Therefore, for the same reasons that MCL 257.401(3) does not violate the rights secured by the Equal Protection Clause, it also does not violate those secured by the Due Process Clause.
CONCLUSION
I agree that the damages cap is constitutional and does not violate plaintiffs rights to a jury trial, equal protection, or due process. Therefore, I concur in the result of the majority opinion, but under my own reasoning. I dissent from the majority’s conclusion that the right to a jury trial must be interpreted according to the meaning that those “learned in the law” would give the phrase. Rather, our primary rule of constitutional interpretation must be the common understanding that the people would have given the constitutional provision at the time of its ratification.

 Const 1963, art 1, § 14.

 Const 1963, art 1, § 2.

 Const 1963, art 1, § 17.

 Ms. Reed is not a party to this appeal.

 The trial court also concluded that the statute did not violate the separation of powers doctrine. That issue is not before this Court.

 251 Mich App 586; 651 NW2d 437 (2002).

 468 Mich 943 (2003).

 Subsection 1 of the statute provides:
This section shall not be construed to limit the right of a person to bring a civil action for damages for injuries to either person or property resulting from a violation of this act by the owner or operator of a motor vehicle or his or her agent or servant. The owner of a motor vehicle is hable for an injury caused by the negligent operation of the motor vehicle whether the negligence consists of a violation of a statute of this state or the ordinary care *444 standard required by common law. The owner is not liable unless the motor vehicle is being driven with his or her express or implied consent or knowledge. It is presumed that the motor vehicle is being driven with the knowledge and consent of the owner if it is driven at the time of the injury by his or her spouse, father, mother, brother, sister, son, daughter, or other immediate member of the family. [MCL 257.401(1).]

 The dissent acknowledges that the Legislature can repeal a statute, but then concludes that it cannot take the less drastic step of limiting the remedy provided by the statute because to do so abrogates a citizen’s constitutional rights. Post at 452. This makes no sense. Before the enactment of MCL 257.401, an “owner of a motor vehicle was not hable for the negligence of a person to whom he had loaned it” unless the vehicle was used in operation of the owner’s business. Moore v Palmer, 350 Mich 363, 392; 86 NW2d 585 (1957). It was only through the Legislature’s enactment of MCL 257.401 that a cause of action against motor vehicle owners was created. If the Legislature can completely eliminate this cause of action that it created against the owner of a motor vehicle without violating the Constitution, it certainly may take the less drastic step of limiting the remedy for the cause of action it created.

 The recognition of this possibility of recovery was relied on in a recent Florida case upholding the constitutionality of a similar Florida statute. The Florida Court explained:
*447 [Fla Stat 324.021, which limits the liability of short-term motor vehicle lessors] does not violate this section of the Florida Constitution by limiting plaintiffs right to trial by jury. Under this statute, a jury still retains the ability to fully assess all damages against those at fault. Section 324.021 merely limits a plaintiffs available damages from the owner of the vehicle. A plaintiff retains the ability to recover fully from the lessee or operator of the vehicle. [Enterprise Leasing Co South Central, Inc v Hughes, 833 So 2d 832, 838 (Fla App, 2002).]
I note that I do not consider the possibility of complete recovery from the negligent party to be a constitutional prerequisite for upholding a damages cap.

 The dissent makes much of the other measures that might have been taken by the Legislature to address the concerns of car rental companies. Post at 452-453, 454-455. In my opinion, such analysis usurps the Legislature’s role to weigh interests and policy considerations when enacting a statute.

 I note that had a majority of this Court in Harvey, not overruled the heightened scrutiny articulated in Manistee Bank & Trust Co v McGowan, 394 Mich 655; 232 NW2d 636 (1975), consistently with my dissent in Harvey, I would have employed the “fair-and-substantial-relation-to-the-object-of-the-legislation” test from Manistee Bank when analyzing plaintiffs equal protection claim in this case. See Harvey, supra at 16-19 (Weaver, J., dissenting). However, even under this heightened scrutiny, I would have concluded that the statute is constitutional and does not violate plaintiffs equal protection rights.